Ramsey M. Al-Salam, Bar No. 109506
RAlsalam@perkinscoie.com
Lane M. Polozola *(admitted pro hac vice)*
LPolozola@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle WA 98101
Tel: 206-359-8000 / Fax: 206-359-9000

Aaron J. Ver, Bar No. 295409
AVer@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Tel: 415-344-7000 / Fax: 415-344-7050

Attorneys for Defendant FISERV, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., *et al.*,<br><br>Defendants. | Case No. 5:18-cv-1250-EJD<br><br>**DEFENDANT FISERV INC.'S MOTION TO DISMISS**<br><br>Date:   May 31, 2018<br>Time:   9:00 AM<br>Dept.:  Courtroom 4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. BACKGROUND ..................................................................................................... 1

    A. Plaintiff's Litigation History ..................................................................... 1

    B. The Instant Lawsuit ................................................................................... 2

III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ................................... 6

    A. Standards of Review ................................................................................... 6

    B. Plaintiff's Complaint Should Be Dismissed With Prejudice for Failure to Comply With Rule 8 ................................................................................... 7

    C. The Complaint Fails to State a Claim for Patent Infringement (Count I) .............. 8

        1. Plaintiff Is Collaterally Estopped From Asserting the '340 Patent ............ 8

        2. The Complaint Fails to Plausibly Allege a Claim for Patent Infringement ...................................................................................... 11

    D. The Complaint Fails to State Any Antitrust Claims Against Fiserv (Counts II, VIII-XIII) ......................................................................................... 13

        1. Plaintiff's Antitrust Claims Are Untimely ................................................. 14

        2. Plaintiff's Antitrust Claims Are Barred to the Extent They Are Based on Prior Challenges to the Validity of Plaintiff's Patents ............. 15

        3. Plaintiff's Complaint Does Not Allege Sufficient Facts Regarding Fiserv ................................................................................................ 16

        4. The Complaint Fails to Plausibly Allege Standing or Harm to Competition ...................................................................................... 17

    E. The Complaint Fails to State a RICO Claim (Counts III, VI) ............................. 19

        1. Plaintiff's RICO Claims Are Barred Under the Statute of Limitations ...................................................................................... 19

        2. Plaintiff's RICO Claims Are Barred to the Extent They Are Based on Prior Challenges to the Validity of Plaintiff's Patents ...................... 19

        3. Plaintiff Does Not Allege Sufficient Facts Regarding Fiserv .................. 19

    F. The Complaint Fails to State Any Trade Secret or False Labeling Claims Against Fiserv (Count IV) ......................................................................... 21

    G. The Complaint Fails to State a Claim for Falsification of Origin (Count V) ....... 22

    H. The Complaint Fails to State Any Other Claims Against Fiserv (Counts VII, XIV) ................................................................................................... 23

IV. CONCLUSION ....................................................................................................... 24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page(s)**

CASES

*AccuImage Diagnostics Corp. v. Terarecon, Inc.*,
   260 F. Supp. 2d 941 (N.D. Cal. 2003) ...................................................................22

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*,
   190 F.3d 1051 (9th Cir. 1998)...............................................................................18

*Am. Ad. Mgmt., Inc. v. GTE Corp.*,
   92 F.3d 781 (9th Cir. 1996)...................................................................................13

*Arunachalam v. Andrews, et al.*,
   Case No. 5:17-cv-03383-EJD (N.D. Cal. 2017) ....................................................2

*Arunachalam v. Fremont Bancorporation*,
   No. 15-cv-00023-EDL, 2015 WL 12806552 (N.D. Cal. May 4, 2015) *aff'd* 672
   F. App'x 994 (Fed. Cir. 2017)......................................................................1, 10, 16

*Arunachalam v. Fulton Financial Corp.*,
   Case No. 13-cv-01333 (D. Del. 2013) .....................................................................1

*Arunachalam v. IBM Corp.*,
   243 F. Supp. 3d 526 (D. Del. 2017) ......................................................................21

*Arunachalam v. IBM Corp.*,
   Case No. 16-cv-00281 (D. Del. 2016) .....................................................................1

*Arunachalam v. Pazuniak, et al*,
   Case No. 3:14-cv-05051-JST, Dkt. No. 56 (N.D. Cal 2014) ..................................2

*Arunachalam v. SAP Am., Inc.*,
   Case No. 15-1869, Dkt. No. 10 (Fed. Cir. Sept. 23, 2016) ...................................10

*Arunachalam v. Trinet Group Inc.*,
   Case No. 3:15-cv-00025-EDL, Dkt. No. 26 (N.D. Cal. 2015)................................2

*Arunachalam v. Trulia, Inc.*,
   Case No. 3:15-cv-00024-EDL, Dkt. No. 20 (N.D. Cal. 2015)................................2

*Arunachalam v. United States, et al*,
   Case No. 5:16-cv-06591-EJD, Dkt. No. 75 (N.D. Cal. 2016) .............................2, 8

*Arunachalam v. United States Pat. and Trademark Off. et al.*,
   Case No. 5:17-cv-03325-EJD (N.D. Cal. 2017) ....................................................2

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................7

*Atl. Richfield Co. v. USA Petroleum Co. ("ARCO")*,
495 U.S. 328 (1990) ...............................................................................................18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................7, 11, 13, 14

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
402 U.S. 313 (1971) .................................................................................................9

*Blue Shield of Va. v. McCready*,
457 U.S. 465 (1982) ...............................................................................................18

*Brantley v. NBC Universal, Inc.*,
675 F.3d 1192 (9th Cir. 2012) ...............................................................................18

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*,
*Inc.*, 637 F.3d 1047 (9th Cir. 2011) ........................................................................6

*Cal. Coal. for Families & Children v. San Diego Cnty. Bar Ass'n*,
657 F. App'x 675 (9th Cir. 2016) ............................................................................6

*CAP Co., Ltd. v. McAfee, Inc.*,
Case No. 14-cv-05068-JD, 2015 WL 3945875 (N.D. Cal. June 26, 2015) ...........12

*City of Columbia v. Omni Outdoor Advert., Inc.*,
499 U.S. 365 (1991) ...............................................................................................15

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
859 F.3d 1352 (Fed. Cir. 2017) .............................................................................12

*Crocs, Inc. v. Effervescent, Inc.*,
248 F. Supp. 3d 1040 (D. Colo. 2017) ...................................................................15

*Delacruz v. Antle*,
Case No. 5:14-cv-05336-EJD, 2017 WL 3670791 (N.D. Cal. Aug. 25, 2017) .......19

*e.Digital Corp. v. iBaby Lab, Inc.*,
Case No. 15-cv-5790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ...........11

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) .................................................................................20

1

2

## **TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

*Finjan, Inc. v. Cisco Sys. Inc.*,
   Case No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ............................13

4

5

*Freecycle Network, Inc. v. Oey*,
   505 F.3d 898 (9th Cir. 2007)......................................................................................................23

6

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)..................................................................................................12

7

8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ...............................................................................................................13

9

10

*Hatch v. Reliance Ins. Co.*,
   758 F.2d 409 (9th Cir. 1985).........................................................................................................6

11

*In re Arunachalam*,
   709 F. App'x 699 (Fed. Cir. 2017) ........................................................................................9, 10

12

13

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)..................................................................................................12

14

15

*In re IoT Devices and Components Thereof*,
   Inv. No. 337-TA-1094..................................................................................................................1

16

*Int'l Order of Job's Daughters v. Lindeburg & Co.*,
   633 F.2d 912 (9th Cir. 1980).......................................................................................................23

17

18

*Joseph v. Amazon.com, Inc.*,
   46 F. Supp. 3d 1095 (W.D. Wash. 2014) ...................................................................................14

19

20

*Kendall v. Visa U.S.A., Inc.*,
   518 F.3d 1042 (9th Cir. 2008).....................................................................................................16

21

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   134 S. Ct. 1377 (2014) ...............................................................................................................23

22

23

*Luxul Tech. Inc. v. Nectarlux, LLC*,
   78 F. Supp. 3d 1156 (N.D. Cal. 2015) .......................................................................................23

24

25

*MedioStream, Inc. v. Microsoft Corp.*,
   869 F. Supp. 2d 1095 (N.D. Cal. 2012) .....................................................................................22

26

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005)..................................................................................................12

27

28

1

## TABLE OF AUTHORITIES
(continued)

2

Page(s)

*Morales v. City of L.A.*,
3     214 F.3d 1151 (9th Cir. 2000)..................................................................................7

4 *Nevijel v. N. Coast Life Ins. Co.*,
    651 F.2d 671 (9th Cir. 1981)...................................................................................6
5

6 *Novitaz, Inc. v. inMarket Media, LLC*,
    No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017).....................11

7

8 *Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) (en banc).................................................................20

9 *Ohio Willow Wood Co. v. Alps S., LLC*,
    735 F.3d 1333 (Fed. Cir. 2013)...............................................................................9
10

11 *Orkin v. Taylor*,
    487 F.3d 734 (9th Cir. 2007)...................................................................................7

12

13 *Paladin Assocs., Inc. v. Montana Power Co.*,
    328 F.3d 1145 (9th Cir. 2003)..........................................................................14, 17

14 *Pi–Net Int'l, Inc. v. JPMorgan Chase & Co.*,
    600 F. App'x 774 (Fed. Cir. 2015) ..........................................................................2
15

16 *Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*,
    42 F. Supp. 3d 579 (D. Del. 2014) ....................................................................9, 10

17

18 *Pi-Net Int'l Inc. v. JPMorgan Chase & Co*,
    Civ. No. 12-282-SLR (D. Del. May 14, 2014) ......................................................10

19 *Pincay v. Andrews*,
    238 F.3d 1106 (9th Cir. 2001)...............................................................................19
20

21 *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*,
    508 U.S. 49 (1993)................................................................................................15

22

23 *Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990).................................................................................21

24 *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741 (9th Cir. 2006)...................................................................................9
25

26 *Samsung Elecs. Co., Ltd. v. Panasonic Corp.*,
    747 F.3d 1199 (9th Cir. 2014)...............................................................................14

27

28

1

## TABLE OF AUTHORITIES
(continued)

2

Page(s)

3

*SAP Am., Inc. v. Arunachalam,*
CBM2016-00081, Paper 14 (PTAB March 15, 2017) ............................................................16

4

5

*SAP Am. Inc. v. Arunachalam,*
IPR2013-00194, Paper 72 (PTAB Dec. 5, 2014) ......................................................................2

6

*SAP Am. v. Arunachalam,*
CBM2013-00013, Paper 61 (PTAB Sept. 18, 2014) .................................................................2

7

8

*SAP Am. v. Arunachalam,*
CBM2014-00018, Paper 33 (PTAB Mar. 6, 2015) ...................................................................2

9

10

*SAP Am. v. Arunachalam,*
CBM2016-00081, Paper 28 (PTAB Dec. 27, 2017) .................................................................2

11

*SAP Am. v. Arunachalam,*
IPR2013-00194, Paper 67 (PTAB Sept. 18, 2014) ...................................................................2

12

13

*SAP Am. v. Arunachalam,*
IPR2013-00195, Paper 60 (PTAB Sept. 18, 2014) ...................................................................2

14

15

*Schmidt v. Herrmann,*
614 F.2d 1221 (9th Cir. 1980)....................................................................................................6

16

17

*Sosa v. DIRECTV, Inc.,*
437 F.3d 923 (9th Cir. 2006)....................................................................................................19

18

*Spectrum Sports, Inc. v. McQuillan,*
506 U.S. 447 (1993) ................................................................................................................14

19

20

*Tanaka v. Univ. of S. Cal.,*
252 F.3d 1059 (9th Cir. 2001)............................................................................................14, 17

21

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
592 F.3d 954 (9th Cir. 2010)......................................................................................................7

22

23

*Wright's Well Control Services, LLC v. Oceaneering Int'l, Inc.,*
Case No. C15-1720 (E.D. La. Feb. 13, 2017)........................................................................11

24

25

*Zenith Radio Corp. v. Hazeltine Res., Inc.,*
401 U.S. 321 (1971) ................................................................................................................14

26

**STATUTES**

27

15 U.S.C. § 1 ......................................................................................................................4, 13, 18

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**
(continued)

Page(s)

15 U.S.C. § 2 ........................................................................................................4, 13, 14

15 U.S.C. § 15 ...............................................................................................................14, 18

15 U.S.C. § 26 ...................................................................................................................18

15 U.S.C. § 43(a)(1)(A) ...................................................................................................23

15 U.S.C. § 1125(a)(1)(A) ...............................................................................................23

18 U.S.C. § 1961 .........................................................................................................20, 21

18 U.S.C. § 1962 ...............................................................................................................20

18 U.S.C. § 1964 .................................................................................................................3

35 U.S.C. § 271(b) ...........................................................................................................12

Cal. Civ. Code § 3426.6 ....................................................................................................22

**RULES**

Fed. R. Civ. P. 8 ....................................................................................................... passim

Fed. R. Civ. P. 12(b)(6) .................................................................................................1, 7

1

**NOTICE OF MOTION AND MOTION**

2

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3

PLEASE TAKE NOTICE that on May 31, 2018, or as soon thereafter as counsel may

4

be heard, in the courtroom of the Honorable Edward J. Davila, Defendant Fiserv Inc.

5

("Fiserv") will move for an order dismissing the Complaint with prejudice for failure to

6

comply with Fed. R. Civ. P. 8 and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

7

This motion is based upon the Complaint, this Notice of Motion and Motion to Dismiss, the

8

attached Memorandum of Points and Authorities, and any other evidence and argument

9

considered by the Court.  A proposed order is included with this motion.

10

**RELIEF SOUGHT**

11

Fiserv seeks an order dismissing Plaintiff's claims against Fiserv under Fed. R. Civ. P.

12

8(a)(2) and 8(d)(1) for failing to contain a short and plain statement of the claims showing that

13

Plaintiff is entitled to relief and for failing to include simple, concise, and direct allegations.

14

Fiserv further seeks an order dismissing Plaintiff's claims against Fiserv under Fed. R. Civ. P.

15

12(b)(6) for failing to state a claim upon which relief can be granted.

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.   INTRODUCTION

Defendant Fiserv, Inc. ("Fiserv") respectfully moves to dismiss Dr. Lakshmi Arunachalam's ("Plaintiff's") Complaint pursuant to Fed. R. Civ. P. 8 and 12(b)(6).  Plaintiff is a serial *pro se* litigant who has pursued and lost numerous cases in district and appellate courts, as well as the ITC.  Many were against the defendants named in Plaintiff's current Complaint (or their customers)—including Fiserv and its customers.  Plaintiff has now filed the instant "Complaint for Corrupt Antitrust Export/Import Infringement(s) Colored by Law and Authority to Protect Plaintiff's Right Against a Constitutional Tort" ("Complaint").  The Complaint contains hundreds of paragraphs and with exhibits spans more than 500 pages.  To the extent it is comprehensible, Plaintiff's Complaint appears to re-hash grievances rejected in prior proceedings, make outlandish allegations of treasonous conspiracies, and allege claims with no factual support—all in a manner seemingly designed to harass Defendants.

The Court should not allow Plaintiff to squander the Court's resources and harass Fiserv and others by allowing this case to proceed.  Plaintiff's Complaint purports to raise claims for patent infringement, antitrust violations, RICO violations, and other unsupported claims against a wide array of Defendants and "Incidentals," which include U.S. federal judges, lawyers, U.S. federal courts, the Department of Justice, the International Trade Commission, and the U.S. Patent Office.  The Complaint fails to comply with Rule 8 and does not state a single claim against Fiserv for which Plaintiff is entitled to relief.

## II.   BACKGROUND

### A.   Plaintiff's Litigation History

Plaintiff has a lengthy litigation record.  She has pursued numerous cases against many of the defendants named in her current Complaint or their customers, as well as others, for claims that resemble those now at issue—patent infringement, conspiracy, RICO, etc.[1]  While

---

[1] *See, e.g.*, *In re IoT Devices and Components Thereof*, Inv. No. 337-TA-1094 (ITC investigation asserting patent infringement of '340 Patent against proposed respondents Apple, Citibank, Eclipse Foundation, Facebook, Samsung, Fiserv, Fremont Bank, IBM, JPMorgan, Microsoft, SAP, and others; terminated March 28, 2018); *Arunachalam v. IBM Corp.*, Case No. 16-cv-00281 (D. Del. 2016) (patent infringement and RICO claims); *Arunachalam v. Fremont Bancorporation et al.*, Case No. 15-cv-00023 (N.D. Cal. 2015) (patent infringement); *Arunachalam v. Fulton Financial Corp.*, Case No. 13-cv-01333 (D. Del. 2013) (patent

1   certain cases have been voluntarily dismissed, others have been dismissed in response to

2   defendants' motions and upheld on appeal.   The validity of Plaintiff's patents has been

3   successfully challenged at the U.S. Patent Office and in U.S. district courts.[2]  Plaintiff has in

4   turn sought disqualification of judges and filed more lawsuits, including suits against judges

5   that have drawn her ire.[3]  Along the way, Plaintiff has disregarded rules and been sanctioned as

6   a result.[4]  This Court has dismissed Plaintiff's lawsuits containing similar allegations to those

7   here, noting Plaintiff's failure to comply with Rule 8 (among other pleading defects).[5]

8   ## B.   The Instant Lawsuit

9   The Complaint here is another waypoint in Plaintiff's litigation campaign.   The

10  Complaint was filed on February 26, 2018 and names as defendants Apple, Inc., Samsung

11  Electronics America Inc., Facebook, Inc., Microsoft Corp., IBM, SAP America, Inc.,

12  JPMorgan Chase and Co., Fiserv, Inc., Wells Fargo Bank, Citigroup/Citibank, Fulton

13

14  infringement); *Pi-Net Int'l Inc. v. JPMorgan Chase & Co.*, Case No. 12-cv-00282 (D. Del. 2012) (patent infringement).

15  [2] *See SAP Am. v. Arunachalam*, IPR2013-00194, Paper 67 at 2 (PTAB Sept. 18, 2014); *SAP Am. v. Arunachalam*, IPR2013-00195, Paper 60 at 2-3 (PTAB Sept. 18, 2014); *SAP Am. v. Arunachalam*, CBM2013-00013, Paper 61 at 2 (PTAB Sept. 18, 2014); *SAP Am. v. Arunachalam*, CBM2014-00018, Paper 33 at 2-3 (PTAB Mar. 6, 2015); *SAP Am. v. Arunachalam*, CBM2016-00081, Paper 28 at 2 (PTAB Dec. 27, 2017); *Pi-Net Int'l, Inc. v. JPMorgan Chase & Co.*, Case No. 12-cv-00282 (D. Del. May 19, 2014) (entering judgment in favor of defendant after holding plaintiff's patents invalid).

18  [3] *See Arunachalam v. Trulia, Inc*., Case No. 3:15-cv-00024-EDL, Dkt. No. 20 (N.D. Cal. 2015) (Motion to Disqualify Judge Donato); *Arunachalam v. Trinet Group Inc.*, Case 3:15-cv-00025-EDL, Dkt.  No. 26 (N.D. Cal. 2015) (Motion to Disqualify Judge Donato); *Arunachalam v. United States, et al*, Case No. 5:16-cv-06591-EJD, Dkt. No. 75 (N.D. Cal. 2016) (Notice that Judge Davila Continues to Frustrate the Proceedings); *Id.*, Dkt. No. 37 (Motion to Recuse Judge Freeman); *Id.*, Dkt. No. 73 (Renewed Motion to Disqualify Judge Davila); *Arunachalam v. Pazuniak, et al*, Case No. 3:14-cv-05051-JST, Dkt. No. 56 (N.D. Cal 2014) (Motion to Disqualify Judge Tigar); *Id.*, Dkt. No. 42 (Motion to Recuse Judge Tigar); *Arunachalam v. Andrews, et al*., Case No. 5:17-cv-03383-EJD (N.D. Cal. 2017) (judgment entered against Plaintiff in her action against federal judges and appeal dismissed for failure to prosecute); *Arunachalam v. United States Pat. and Trademark Off. et al.*, Case No. 5:17-cv-03325-EJD (N.D. Cal. 2017) (judgment entered against Plaintiff in her action against USPTO and PTAB and appeal dismissed for failure to prosecute).

25  [4] *See, e.g., Pi–Net Int'l, Inc. v. JPMorgan Chase & Co.*, 600 F. App'x 774, 775 (Fed. Cir. 2015) (dismissing appeal for failure to follow Federal Circuit rules), *cert. denied*, No. 15–691, ⸺ U.S. ⸺, 136 S.Ct. 856 (U.S. Jan. 11, 2016); *SAP Am. Inc. v. Arunachalam*, IPR2013-00194, Paper 72 (PTAB Dec. 5, 2014) (revoking electronic filing privileges for repeated failure to follow rules and unauthorized filings).

27  [5] *See Arunachalam v. United States et al.*, Case No. 5:16-cv-06591-EJD, Dkt. Nos. 100, 104 (N.D. Cal. Jan. 23, 2018) (denying motion to file amended complaint that was 240 pages long and contained similar allegations for failure to comply with Rule 8).

Financial Corp., and Eclipse Foundation, Inc., along with 100 "Doe" defendants.  Dkt. No. 1. The Complaint also lists "Incidentals/Tortfeasors" that Plaintiff believes to have committed misconduct or treason as part of a vast conspiracy to infringe and/or invalidate her patents, including the attorneys for the named parties; Department of Justice attorneys; the U.S. International Trade Commission, an ITC ALJ and staff attorney; the Supreme Court; the Federal Circuit and its judges; the U.S. District Courts for the District of Delaware, the Northern District of California, and the Eastern District of Texas (and specific judges, including Judges Richard Andrews, Edward Davila, Elizabeth LaPorte, Rodney Gilstrap, and Sue Robinson); Delaware state courts and judges; former President Barack Obama and other elected officials; Plaintiff's former lawyers; and numerous other private banks and companies such as J.C. Penney, AVIS Rent a Car, U-Haul, and Presidio Bank.  *See id.* at 110-123.

Plaintiff's Complaint attempts to raise claims for violations of the Sherman Act and civil RICO, patent infringement, trade secret misappropriation, and falsification of origin.  The Complaint also lists a litany of other purported causes of action that state no cognizable legal claim.  While each claim is not clearly alleged against any particular defendant, the fourteen "counts" include:

1. "Patent Infringement"

2. "Defendants' Violation of Sherman Act Sections 1 and 2"

3. "Antitrust Racketeering Conspiracy to Fix Prices and Control Access to Plaintiff's Code and Market by all Defendants and Does 1-100"

4. "Defendants Misappropriating Plaintiff's Trade Secrets"

5. "Defendants' Falsifying the Origin of Eclipse Code and Remaining Silent (as Fraud) that Web Applications in App Store and Google Play Are Unlicensed"

6. "Violation of 18 U.S.C. §§1964(c) and Defendants Fraudulently Procured Re-Exams/IPR/CBM Reviews"

7. "Breach of Solemn Oath of Office to Aid and Abet Antitrust Violations by Corporate Defendants and Treason Committed by Defendants and Does 1-100"

8.  "Unlawful Exclusive Dealing and Other Exclusionary Agreements in Violation of Section 1 of the Sherman Act"

9.  "Unlawful Tying in Violation of Section 1 of the Sherman Act"

10. "Monopolization of the IOT Market in Violation of Section 2 of the Sherman Act"

11. "Attempted Monopolization of the Web Applications' Market in Violation of Section 2 of the Sherman Act (Seeking Damages and Equitable Relief)"

12. "Unlawful Monopolization of the Web Applications Market in Violation of Section 2 of the Sherman Act (Seeking Damages and Equitable Relief)"

13. "Conspiracy and Price-Fixing by Apple With IBM, SAP, Microsoft, JPMorgan in Violation of the Sherman Act"

14. "Obstruction of Justice by all Defendants and Does 1-100 and Incidentals (Who Committed Willful Theft, Commission of a Crime in the Delaware Superior Court in Filing False Accounting as Sealed Documents and Concealment by Incidentals George Pazuniak, Pazuniak Law Office, LLC, and O'Kelly Ernst and Joyce, LLC to Aid and Abet Antitrust Violations by Corporate Defendants and Aiding and Abetting Said Crime by Incidental Eric M. Davis)"

*Id.* ¶¶ 223-284. Plaintiff demands $5 billion from each Defendant, injunctive relief, future royalties, $690 per hour for her time spent on this case, and $2 billion more for personal injury and harassment. She asks that the damages award be trebled, Defendants and Incidentals be "turned over" to Law Enforcement and the FBI, "all Orders in any and all of Plaintiff's cases" be declared void, and certain attorneys and judges be disbarred from practicing law. *Id.* ¶¶ 285-324.

As "material facts," Plaintiff's Complaint asserts the following basic points: that she invented "the Internet of Things (IoT) – Web Applications displayed on a Web browser – and IoT devices, apparatuses, machines" and that her patented inventions "created the proliferation of IoT devices and the millennial generation." *Id.* ¶¶ 2-3, 13. According to Plaintiff, without her inventions, app stores—and the applications available therein—would not be in use and smartphones would not be smartphones. *Id.* ¶¶ 2-3, 13-14; *see id.* ¶ 18 ("***In short,*** just about every enterprise is infringing Plaintiff's patents"). Plaintiff alleges in conclusory terms that all

web applications are "unlicensed" inventions of Plaintiff and therefore, all app store and web application developers have violated antitrust laws as a result. *See id.* ¶¶ 15-16, 19, 32, 43.

Plaintiff's allegations focus heavily on the Eclipse Foundation and CPL License Agreement. *Id.* ¶¶ 32-111. They consist largely of conclusory and or irrelevant material, including her arguments that the formation of the Eclipse Foundation was somehow unlawful and that the Common Public License Agreement (from the early 2000s) is proof of a conspiracy to distribute Plaintiff's inventions as free open source code. *Id.* ¶¶ 38, 43-44, 60-82. In support of her claims, Plaintiff relies on exhibits and/or allegations that relate to the Eclipse Foundation and CPL and are dated from the 1990s to the mid-2000s. *See, e.g., id.* ¶¶ 62 (2001 documents regarding IBM role in Eclipse Foundation); 66-70 (meeting minutes from 2002-2005); 77 (showing 2002 date for CPL v0.5 and 2004 "Eclipse CPL to EPL Transition Plan"); 55 (further allegations about NDAs with IBM, Microsoft, and SAP from 1990s through 2006).

Plaintiff further asserts that certain Defendants somehow committed fraud or conspiracy by defending themselves in response to Plaintiff's previous lawsuits. *Id.* ¶ 17, 47. This appears to be based on a view that parties to those proceedings concealed "Patent Prosecution History Estoppel" contrary to Federal Circuit authority and obtained rulings invalidating her patents contrary to the *Fletcher v. Peck* case from 1910. *Id.* The thrust of Plaintiff's argument is that she lost in prior proceedings where her patents have been challenged. *See id.* ¶ 20 ("USPTO/PTAB, Federal Circuit, three Federal District Courts, U.S. Supreme Court, Legislature, USDOJ and the USITC, collectively *(and collusively)* by *'Breach of Solemn Oath'* wantonly failed to enforce the *'Law of the Land'* respecting Patent Contract Grants issued by the government…"); *see also id.* ¶ 23-28, 47, 57-58, 85, 103, 106, 113-117, 126. Had certain Defendants not challenged Plaintiff's patents, the Complaint reasons, "Plaintiff would have been the largest technology company in the world." *Id.* ¶ 58. Plaintiff does not identify what Fiserv allegedly did regarding these prior proceedings that is unlawful or otherwise explain how Fiserv was allegedly involved with other Defendants' challenges.

### III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED

Plaintiff's complaint should be dismissed with prejudice.  First, like her other complaints, it fails to comply with the basic pleading standards of Rule 8.  That alone warrants dismissal given its egregious and unsupported allegations.  Second, Plaintiff fails to allege facts that would support a single claim for relief against Fiserv.  As explained below, many of Plaintiff's claims are untimely on their face or barred under the doctrine of collateral estoppel.  Others are barred, even assuming they are alleged against Fiserv (though they appear not to be), because they are based on Defendants' protected right to petition courts for redress—*i.e.*, to challenge the validity of patents.  Finally, Plaintiff's Complaint falls far short of the *Twombly/Iqbal* standard and alleges no facts regarding Fiserv that warrant allowing Plaintiff to continue with this lawsuit.

#### A.       Standards of Review

Rule 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Similarly, under Rule 8(d)(1), each allegation must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Where a complaint is instead highly repetitious, conclusory, or "of unlimited length and opacity," the court may dismiss the complaint for failure to comply with Rule 8.  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (dismissing complaint without leave to amend where it was excessively long and did not clearly articulate any causes of action); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that Rule 8(a)(2) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory."); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980); *see also Cal. Coal. for Families & Children v. San Diego Cnty. Bar Ass'n*, 657 F. App'x 675, 678 (9th Cir. 2016) (affirming dismissal of complaint with prejudice for failing to state claims "in a 'simple, concise, and direct' manner").

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  For a claim to be plausible on its face, it must be supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*  Ultimately, claims based on factual allegations that do not "raise a right to relief above the speculative level" are to be dismissed under Rule 12(b)(6). *Id.* at 555-56.

Finally, a complaint may also be dismissed under Rule 12(b)(6) on statute of limitations grounds "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th Cir. 2000) (citations omitted).  A motion to dismiss based on the statute of limitations may be granted without leave to amend where the face of the complaint establishes "facts that foreclose[] any showing of reasonable diligence." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citing *Orkin v. Taylor*, 487 F.3d 734, 742 (9th Cir. 2007)).

**B.      Plaintiff's Complaint Should Be Dismissed With Prejudice for Failure to Comply With Rule 8**

As a threshold matter, Plaintiff's Complaint does not comply with Rule 8.  It is a nearly-impenetrable thicket of outlandish allegations with lengthy paragraphs, unintelligible sentences, and stream-of-conscious rants about issues that are unrelated to any cognizable claim for relief.  The Complaint itself contains more than 100 pages of disorganized and unclear arguments that are directed at 13 defendants, 100 Does, and other "Incidentals"—often as a group.  In no way does the Complaint simply, concisely, or directly allege which Defendants engaged in any specific actions that support particular causes of action.  It instead

contains unsupported and speculative assertions of criminal activities and civil misconduct unrelated to the purported claims for relief; inappropriate, unfounded, and irrelevant accusations of treason against the parties, their lawyers, and federal judges; and the conclusory use of legal terms of art to gloss over an absence of relevant factual allegations.

The Court should dismiss the Complaint with prejudice for failure to comply with Rules 8(a)(2) or 8(d)(1)—just as it has dismissed Plaintiff's previous complaints. *See Arunachalam v. United States, et al.*, Case No. 5:16-cv-06591-EJD, Dkt. Nos. 72, 87, 100, 104 (N.D. Cal. Jan. 23, 2018) (denying leave to file similar complaint that was "filled with legal terms and case citations that are needlessly long, highly repetitious, and confusing"). Plaintiff is aware of the applicable rules given her litigation history, but has demonstrated a steadfast refusal to comply. If the Court determines that consideration of Plaintiff's claims is warranted, however, the Complaint should be dismissed with prejudice against Fiserv. To the extent it can be understood, it contains claims that are untimely and barred as a matter of law, and fails to plausibly state any claim against Fiserv.

### C.      The Complaint Fails to State a Claim for Patent Infringement (Count I)

Plaintiff's Complaint purports to allege direct, contributory, and induced infringement of U.S. Patent No. 7,930,340 ("'340 Patent") against all Defendants.[6] But Plaintiff's patent infringement claim is barred under the doctrine of collateral estoppel. And even if considered, Plaintiff's allegations do not contain the basic factual matter necessary to support any infringement claim against Fiserv.

#### 1.      Plaintiff Is Collaterally Estopped From Asserting the '340 Patent

Even assuming Plaintiff properly alleged a claim for patent infringement, which she did not, any claim asserting the '340 Patent is barred. Plaintiff is collaterally estopped from asserting that patent because her previous assertion of similar patent claims with overlapping

---

[6] Plaintiff vaguely references additional patents in her portfolio without identifying them. Dkt. No. 1 ¶¶ 286-87. She cites no claim from any of those patents, nowhere addresses whether they remain valid, and nowhere explains how or why Fiserv (or others) might infringe. Thus, to the extent they are deemed part of Plaintiff's patent infringement claim, the claim should be dismissed for the reasons explained in this section.

1   "switching" terms resulted in invalidation of those related patents for reasons that apply to the

2   '340 Patent.

3       Collateral estoppel precludes re-litigation of an issue if "(1) the issue [was] necessarily

4   decided at the previous proceeding and is identical to the one which is sought to be re-litigated;

5   (2) the first proceeding ended with a final judgment on the merits; and (3) the party against

6   whom collateral estoppel is asserted was a party or in privity with a party at the first

7   proceeding." *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 (9th Cir. 2006).

8   In the patent context, the doctrine is not limited to patents or claims that are identical to those

9   previously asserted; "it is the identity of the *issues* that were litigated that determines whether

10  collateral estoppel should apply." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333,

11  1342 (Fed. Cir. 2013) (emphasis in original). "If the differences between the unadjudicated

12  patent claims and the adjudicated patent claims do not materially alter the question of

13  invalidity, collateral estoppel applies." *Id*. Further, a defendant need not have been a party to

14  the action where the adjudicated patent was invalid. *Blonder-Tongue Labs., Inc. v. Univ. of Ill.*

15  *Found.*, 402 U.S. 313, 349–50 (1971).

16      Here, the District of Delaware held that three of Plaintiff's patents, which are related to

17  the '340 Patent, were invalid because certain claim terms were indefinite and/or not enabled.

18  Plaintiff's appeal in that case was dismissed for failure to comply with applicable rules. *See*

19  *Pi-Net Int'l Inc. v. JPMorgan Chase & Co*., 42 F. Supp. 3d 579 (D. Del. 2014), *appeal*

20  *dismissed* 600 F. App'x 774 (Fed. Cir. 2015). The Federal Circuit has thus held that Plaintiff

21  is collaterally estopped from asserting (or defending the validity of) similar claims from

22  different patents directed to "real-time transactions" where they contain terms such as

23  "switch," "switching," and/or "a means for switching." *In re Arunachalam*, 709 F. App'x 699,

24  702-703 (Fed. Cir. 2017) ("Every challenged claim of the '556 Patent contains the terms

25  "switch," "switching," or a "means for switching" in the context of enabling two-way, real-

26  time transactions—all terms that have been the bases for declaring other claims invalid as

27  indefinite, for lack of enablement, and for lack of written description in *JPMorgan*."); *see* Dkt.

28

No. 149 (SAP motion to dismiss summarizing Plaintiff's patent portfolio and litigation history).

Plaintiff's '340 Patent, like its related patents addressed in prior cases, is directed generally to systems and methods for engaging in "real-time" transactions over a network. '340 Patent at col. 4:45-54, 5:16-19.  Such "real-time" transactions can be achieved using a "value-added network (VAN)" switch, or as claimed in the '340 Patent, a "switching component."  *Id.* at col. 16:26-52, 17:16-31.  Each independent claim of the '340 Patent includes a "switching component" or a method or system that includes "switching" to enable real-time transactions.  '340 Patent at cols. 39:59-60, 40:43, 41:11-16, 41:57, 42:55-56.  In the *JPMorgan* case, however, the court held that terms "VAN switch" and "switching" were indefinite, *Pi-Net Int'l Inc. v. JPMorgan Chase & Co*, Civ. No. 12-282-SLR, 2014 WL 1997039, at *3 (D. Del. May 14, 2014) and concluded that the '500 Patent at issue lacked sufficient written description of how "real-time transactions" occur.  *JPMorgan*, 42 F. Supp. 3d at 594.

Plaintiff is collaterally estopped from asserting the '340 Patent claims, which are directed to "real-time" transactions using, among other terms, a "switching component" or "switching" the user.  As the Federal Circuit and other courts have recognized already, Plaintiff had the opportunity to fully litigate the *JPMorgan* case through her company, including before that court and the U.S. Supreme Court, where she filed a petition for *certiorari* and for rehearing.  *In re Arunachalam*, 709 F. App'x at 701-702; *Arunachalam v. SAP Am., Inc.*, Case No. 15-1869, Dkt. No. 10 at 5-6 (Fed. Cir. Sept. 23, 2016) (slip op.) (dismissing appeal based on collateral estoppel due to *JPMorgan* decision); *Arunachalam v. Fremont Bancorporation*, 672 F. App'x 994 (Fed. Cir. 2017) (affirming dismissal of claim asserting related '339 Patent on collateral estoppel grounds).  Because the *JPMorgan* case held in a final judgment that materially similar claims that utilize the same term, "switching," were invalid, Plaintiff cannot now assert the '340 Patent's claims.  The '340 Patent claims are invalid for at least the reasons already addressed—and accepted—by another court.

1

2.      **The Complaint Fails to Plausibly Allege a Claim for Patent Infringement**

2

3

Even if the Court considers Plaintiff's patent infringement claim, Plaintiff's Complaint does not plausibly allege a claim against Fiserv.  It should be dismissed for that reason, as well.

4

5

*Direct Infringement*:  First, to support her direct infringement claim against Fiserv, Plaintiff is required to spell out how Fiserv directly infringes each limitation in at least one asserted claim.  Vague references to collective defendants' unidentified products are not sufficient, nor is a mere listing of claim elements without allegations of how Fiserv's accused products or services meet each limitation of at least one claim.  *See*, *e.g.*, *e.Digital Corp. v. iBaby Lab, Inc.*, No. 15-cv-5790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) (dismissing direct infringement allegation where plaintiff failed to allege how defendant infringed element of asserted claim); *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017) (dismissing deficient direct infringement claims under *Twombly* standard); *Wright's Well Control Services, LLC v. Oceaneering Int'l, Inc.*, No. C15-1720 (E.D. La. Feb. 13, 2017) (collecting additional cases granting motions to dismiss for failure to adequately plead direct infringement).

6

7

8

9

10

11

12

13

14

15

Plaintiff's Complaint does not satisfy this standard.  Plaintiff alleges in conclusory fashion that Defendants infringe the '340 Patent with a general emphasis on IBM's website, the Apple app store, and unidentified defendants' "web application development platform, tools, web applications, products and services, value-added network services, for example, online financial services via electronic means through several websites…"  Dkt. No. 1 ¶ 169.  She repeatedly refers to Defendants' "products and services" and "Web applications," alleging they practice "the claimed inventions," and even block quotes the language from claim 1 of the '340 Patent.  *Id.* ¶ 173.  But significantly, Plaintiff fails to identify any Fiserv product or service and does not allege how Fiserv's activities meet each limitation of any claim.  For example, she does not identify what in Fiserv's products constitutes the claimed "context manager," "user transaction manager," "account settling manager," or "switching component,"

16

17

18

19

20

21

22

23

24

25

26

27

28

nor does she identify what would be the first or second servers in the only claim she quotes. *Id.* Plaintiff has failed to properly allege any direct patent infringement claim against Fiserv.

*Indirect Infringement:*  Plaintiff's indirect infringement claims are likewise deficient. As a threshold matter, both the induced and contributory infringement claims fail because without an adequate allegation of direct infringement, the indirect infringement claims fail as a matter of law. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (direct infringement is an element of an inducement claim under 35 U.S.C. § 271(b)); *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) (same with respect to a claim for contributory infringement). This alone should result in dismissal of Plaintiff's claim because the Complaint nowhere pleads an act of direct infringement that Fiserv allegedly contributed to or induced.

Additionally, Plaintiff's inducement and contributory infringement allegations are threadbare and fail to state any facts to support a claim against Fiserv.  Plaintiff does not even attempt to allege facts showing that Fiserv "*knowingly* induced infringement and possessed *specific intent* to encourage another's infringement," precluding any inducement claim. *MEMC Elec.*, 420 F.3d at 1378 (emphasis added); *see, e.g.*, *CAP Co., Ltd. v. McAfee, Inc.*, No. 14-cv-05068-JD, 2015 WL 3945875, at *3-4 (N.D. Cal. June 26, 2015) (dismissing inducement claim due to inadequate specific intent allegations).  Indeed, Plaintiff nowhere alleges that Fiserv knew any induced acts constituted patent infringement—or even what acts Fiserv allegedly induced.  As a result, Plaintiff's inducement claim fails.  *See MEMC Elec.,* 420 F.3d at 1378; *CAP*, 2015 WL 2945875, at *5.

Plaintiff's Complaint also fails to state a contributory infringement claim against Fiserv.  Plaintiff alleges no facts to show that Fiserv provides a "material or apparatus for use in practicing a patented process" or that any materials or apparatus provided constitute a material part of the claimed invention, have no substantial noninfringing uses, or were known by Fiserv to be especially made or adapted for use in infringing the '340 Patent.  *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1363 (Fed. Cir. 2017); *In re*

1   *Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1337 (Fed. Cir.

2   2012).

3     <u>*Willful Infringement*</u>:  Finally, Plaintiff alleges that "each Defendant" is infringing the

4   '340 patent claims "despite an objectively high likelihood that its actions constitute

5   infringement" in an apparent attempt to allege willfulness.  Dkt. No. 1 ¶ 182.  Whether the

6   Court should enhance damages due to willful infringement depends on the infringer's

7   subjective intent and egregious conduct.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct.

8   1923, 1926 (2016).  Thus, a failure to allege facts to demonstrate subjective intent to infringe

9   or any egregious conduct should result in dismissal of a willfulness claim.  Conclusory

10  allegations of knowledge and infringement are insufficient to show egregious conduct.  *Finjan,*

11  *Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7,

12  2017).  Despite this standard, Plaintiff alleges no facts particular to Fiserv to show that its

13  conduct constitutes knowing and egregious infringement of the '340 Patent.

14    Plaintiff's Complaint fails to state any claim for patent infringement against Fiserv.

15    **D.  The Complaint Fails to State Any Antitrust Claims Against Fiserv (Counts II, VIII-XIII)**

16

17    Plaintiff argues that Defendants have violated antitrust laws in numerous ways,

18  including conspiracy to engage in anticompetitive behavior under sections 1 and 2 of the

19  Sherman Act.  None of her "counts" relating to alleged antitrust violations identifies facts

20  relating to Fiserv and they do not appear to be directed to Fiserv.  *See* Dkt. No. 1 ¶¶ 225-26,

21  248-81.  For that reason alone, any antitrust claim should be dismissed against Fiserv.  But

22  even if considered to be directed to Fiserv, Plaintiff's claims fail to allege the basic elements of

23  any cognizable antitrust claim and should be dismissed.

24    As relevant here, Section 1 prohibits restraints on trade "effected by a contract,

25  combination, or conspiracy."  *Twombly*, 550 U.S. at 553; *see* 15 U.S.C. § 1.  To prove a claim

26  under section 1, a plaintiff must show at least that (1) there was an agreement, conspiracy, or

27  combination among two or more entities and (2) that the agreement, conspiracy, or

28  combination was unreasonable.  *See Am. Ad. Mgmt., Inc. v. GTE Corp.*, 92 F.3d 781, 788 (9th

1   Cir. 1996). The crucial question on the first issue is whether the challenged conduct "stems

2   from independent decision or from an agreement, tacit or express." *Twombly*, 550 U.S. at 553.

3   To allege a conspiracy, a claim must contain "enough factual matter (taken as true) to suggest

4   an agreement was made." *Id.* at 556.

5        Section 2 "makes it an offense for any person to 'monopolize, or attempt to

6   monopolize, or combine or conspire with any other person or persons, to monopolize any part

7   of the trade or commerce among the several States....'" *Spectrum Sports, Inc. v. McQuillan*,

8   506 U.S. 447, 448 (1993) (quoting 15 U.S.C. § 2). To prove a conspiracy to monopolize, a

9   party "must show four elements: (1) the existence of a combination or conspiracy to

10  monopolize; (2) an overt act in furtherance of the conspiracy; (3) the specific intent to

11  monopolize; and (4) causal antitrust injury." *Paladin Assocs., Inc. v. Montana Power Co.*, 328

12  F.3d 1145, 1158 (9th Cir. 2003). Proof of a relevant market is also an essential element. *See*

13  *Spectrum Sports*, 506 U.S. at 459. "Failure to identify a relevant market is a proper ground for

14  dismissing a Sherman Act claim." *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1063 (9th Cir.

15  2001).

16       Here, Plaintiff's antitrust claims fail for multiple reasons. They are barred under the

17  statute of limitations. Plaintiff fails to plausibly allege standing or harm to competition.

18  Plaintiff does not identify the relevant markets. Plaintiff identifies no agreements, express or

19  otherwise, to which Fiserv was a party, much less that any such agreement was unreasonable.

20  And finally, Plaintiff's claims are barred under the *Noerr-Pennington* immunity doctrine to the

21  extent they are based on prior challenges to her patents.

### 1.        Plaintiff's Antitrust Claims Are Untimely

23       Plaintiff's antitrust claims should be dismissed with prejudice as untimely.

24  Private antitrust actions are subject to a four-year statute of limitations from the date the cause

25  of action accrues under 15 U.S.C. § 15b, *Samsung Elecs. Co., Ltd. v. Panasonic Corp.,* 747

26  F.3d 1199, 1202 (9th Cir. 2014), and "a cause of action accrues ... when a defendant commits

27  an act that injures a plaintiff's business." *Zenith Radio Corp. v. Hazeltine Res., Inc.,* 401 U.S.

28  321, 338 (1971); *Joseph v. Amazon.com, Inc.*, 46 F. Supp. 3d 1095, 1101 (W.D. Wash. 2014).

1   Here, the Eclipse Foundation's 2001 formation was the alleged birth of the conspiracy to copy

2   Plaintiff's patents.  Dkt. No. 1 ¶¶ 34, 38, 41.  Plaintiff further relies on the alleged disclosed of

3   source code in 2002 and other facts from the same time frame to support her antitrust claim.

4   *See id.* ¶¶ 38, 43-44, 55, 60-82.  As a result, any antitrust claim based on such activities had to

5   be brought within four years.  They cannot support a claim filed in 2018.  Because Plaintiff

6   nowhere else alleges new and independent acts within the last four years, Plaintiff's antitrust

7   claims are time-barred as a matter of law.

8   
### 2.   Plaintiff's Antitrust Claims Are Barred to the Extent They Are Based on Prior Challenges to the Validity of Plaintiff's Patents

9   

10      While premised mainly on allegations regarding the Eclipse Foundation and CPL,

11  Plaintiff's claims appear to be based in part on the fact that certain defendants have

12  successfully invalidated Plaintiff's patents before the USPTO and U.S. District Courts.  *See,*

13  *e.g.*, *id.* ¶¶ 17, 23-27, 47, 103.  But any antitrust or other claim based on a party challenging in

14  a court or agency the validity of a patent is barred under the *Noerr-Pennington* immunity

15  doctrine.  "Those who petition government for redress are generally immune from antitrust

16  liability."  *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56

17  (1993).  This protection derives from a party's First Amendment right to petition the

18  government.  *See City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 379 (1991);

19  *Crocs, Inc. v. Effervescent, Inc.*, 248 F. Supp. 3d 1040, 1054 (D. Colo. 2017) (citations

20  omitted).  This protection applies unless the party's conduct constitutes a "sham"—*i.e.*, if the

21  action is objectively baseless and, if so, if the action "conceals an attempt to interfere directly

22  with the business relationships of [another] through the use [of] the governmental *process*—as

23  opposed to the *outcome* of that process—as a[] weapon."  *Columbia Pictures*, 508 U.S. at 60

24  (internal quotation marks omitted) (citations omitted).

25      Plaintiff's antitrust claims here cannot be based on challenges to her patents, whether in

26  the courts or before the Patent Office.  Each defendant has the right to petition the courts and

27  PTO to invalidate Plaintiff's patents for failure to comply with the Patent Act, particularly

28  when defending against Plaintiff's lawsuits.  Furthermore, nothing in Plaintiff's Complaint

establishes that any previous challenge to Plaintiff's patents were objectively baseless.  Indeed, the Patent Office and courts have *agreed* that many of her patents are invalid and/or that Plaintiff is collaterally estopped from asserting invalid patents, as was the case when Plaintiff last asserted one of her patents against Fremont Bancorporation.  *See Arunachalam v. Fremont Bancorporation*, No. 15-cv-00023-EDL, 2015 WL 12806552 (N.D. Cal. May 4, 2015) *aff'd* 672 F. App'x 994 (Fed. Cir. 2017).  Nor does Plaintiff allege facts to plausibly show that any of those proceedings were fraudulent—Plaintiff had the opportunity in each prior proceeding to press legal arguments regarding "contract rights," prosecution history estoppel, and/or *Fletcher v. Peck*.[7]  Thus, Plaintiff's antitrust claims should be dismissed with prejudice because they are based on prior challenges to her patents.

### 3.   Plaintiff's Complaint Does Not Allege Sufficient Facts Regarding Fiserv

Finally, even if the Court deems it appropriate to consider them, Plaintiff's antitrust allegations do not plausibly concern Fiserv.  For example, the Complaint contains no factual allegations that Fiserv entered into an agreement, either express or otherwise, that was allegedly unreasonable.  The complaint instead centers on the allegation that the Eclipse Foundation was formed as a conspiracy to copy and infringe Plaintiff's inventions and distribute source code.  *Id.* ¶¶ 32-79.  Fiserv is not one of the three defendants alleged to have acquired an "interest" in the Eclipse Foundation.  *Id.* ¶ 61-62.  The Complaint suggests that Fiserv's alleged membership in the Eclipse Foundation is sufficient to allege Fiserv knowingly entering into a conspiracy.  *Id.* ¶ 33.  But even assuming that Fiserv was a member, that would not plausibly suggest Fiserv committed a violation of the antitrust laws; membership alone, without factual predicates, does not support a conspiracy claim.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008) (explaining that "membership in an association does not render an association's members automatically liable for antitrust violations committed by the

---

[7] Indeed, Plaintiff did so before the PTAB.  *See, e.g., SAP Am., Inc. v. Arunachalam*, CBM2016-00081, Paper 14 (PTAB March 15, 2017) (Patent Owner response raising arguments about *Fletcher v. Peck*, contract rights, and patent prosecution history estoppel).

association."). The Complaint lacks facts plausibly suggesting that Fiserv engaged in any prohibited conduct.

Nor does the Complaint provide factual content to draw any reasonable inference that other elements of an antitrust claim are established. The Complaint alleges that one defendant engaged in illegal tying and withholding of market entry, for example, and then offhandedly asserts that "[t]his scenario is true for Samsung and other Defendants as well," without naming Fiserv or providing factual support. *Id.* ¶ 31. But a tying claim requires specific elements and Plaintiff alleges no facts to show that Fiserv meets any of them. *Paladin*, 328 F.3d at 1159 ("A plaintiff must prove three elements to prevail on an illegal tying claim: (1) that there exist two distinct products or services in different markets whose sales are tied together; (2) that the seller possesses appreciable economic power in the tying product market sufficient to coerce acceptance of the tied product; and (3) that the tying arrangement affects a "not insubstantial volume of commerce" in the tied product market."). Likewise, three defendants are alleged to have entered into exclusive dealing arrangements—but the list omits Fiserv. *Id.* ¶ 30. Fiserv is not alleged to have engaged in price fixing or bid-rigging, *id.* ¶¶ 45-49, nor is Fiserv alleged to have entered into any exclusive agreements or allocated customers or territory, *id.* ¶¶ 50-52. Plaintiff's Complaint fails to plausibly plead any of these purported claims against Fiserv.

Similarly, the Complaint fails to plead other requisite elements. Failure to adequately define the relevant market for a monopolization "is a proper ground for dismissing a Sherman Act claim." *Tanaka*, 252 F.3d at 1063. Here, the Complaint's discussion of the relevant market is largely incomprehensible and provides no discernable definition or scope, and by referring to the Internet of Things and the "mobile app ecosystem, one of the biggest industries on this planet," fails to adequately define a relevant market. *Id.* ¶ 13; *see also* Dkt. No. 101-1 at 13-14 (Apple motion to dismiss discussing failure to identify relevant market). The Complaint fails to allege that Fiserv actively participated in a defined market. *Id.* ¶¶ 200-207. The Complaint also fails to allege facts suggesting that Fiserv engaged in monopolistic behavior, committed any overt act in furtherance of a monopoly, or exhibited intent to monopolize. *Cf. id.* ¶¶ 15-16, 19, 31, 55-58, 200-207.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4.      The Complaint Fails to Plausibly Allege Standing or Harm to Competition**

Plaintiff's purported antitrust claims are also deficient because the Complaint fails to plausibly allege that she has standing or that competition was harmed as a result of Defendants' alleged conduct.  Apple's motion to dismiss addressed these issues in detail and Fiserv incorporates that discussion here.

In short, private suits under Sections 1 and 2 under the Sherman Act are limited to plaintiffs who are injured by conduct arising from the alleged antitrust violations.  *See* 15 U.S.C. § 15, 26.  Plaintiffs must prove "*antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes the defendants' acts unlawful. The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation." *Blue Shield of Va. v. McCready,* 457 U.S. 465, 489 (1982); *Atl. Richfield Co. v. USA Petroleum Co. ("ARCO")*, 495 U.S. 328 (1990) (applying the analysis in a Sherman Act Section 1 action); *Am. Ad Mgmt., Inc. v. Gen. Tel. Co. of Cal.*, 190 F.3d 1051, 1055 (9th Cir. 1998) (establishing four-prong test for alleging antitrust injury: "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent.").

Relatedly, competitive harm must be plausibly alleged to support a claim other than *per se* antitrust claims.  *Brantley v. NBC Universal, Inc.*, 675 F.3d 1192, 1200 (9th Cir. 2012) ("[I]n order to state a claim successfully, plaintiffs must allege *both* that defendant's behavior is anticompetitive and that plaintiff has been injured by an anti-competitive aspect of the practice under scrutiny.") (internal quotation marks omitted).  To withstand a motion to dismiss, a claimant "may not merely recite the bare legal conclusion that competition has been restrained unreasonably…. Rather, a claimant must, at a minimum, sketch the outline of [the injury to competition] with allegations of supporting factual detail." *Id.* at 1198 (dismissing a Section 1 tying complaint) (internal quotation marks omitted).

1   Here, Plaintiff fails to allege unlawful conduct violating any antitrust laws or that she

2   has suffered any *antitrust* injury relating to any such violation.  Nor does she allege facts to

3   demonstrate competitive harm.  Plaintiff's emphasis on allegedly lost profits or her inability to

4   develop business based on her computer code (*e.g.*, Dkt. No. 1 ¶¶ 16, 43, 58, 87, 138, 200,

5   280) is not sufficient to show antitrust injury or competitive harm because she alleges no facts

6   to show that any harm to her is due to a violation of the antitrust laws; at most, it attempts to

7   show alleged injury from supposed infringement of unidentified intellectual property rights.

8   As a result, Plaintiff's antitrust claims should be dismissed with prejudice.

9   **E.      The Complaint Fails to State a RICO Claim (Counts III, VI)**

10  **1.      Plaintiff's RICO Claims Are Barred Under the Statute of
             Limitations**

11

12  Plaintiff's RICO claims are untimely.  A civil RICO claim must be brought within four

13  years of when the plaintiff knows or should know of the injury that underlies the cause of

14  action.  *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001).  Here, the Complaint appears

15  to state that the 2001-2002 formation of the Eclipse Foundation and release of code in 2002

16  support Plaintiff's RICO claim.  *See, e.g.*, Dkt. No. 2 at ¶¶ 34, 38, 41, 132.  Plaintiff either

17  knew (*e.g.*, based on her own contacts with certain defendants) or should have known of any

18  alleged injury long before 2014, four years before filing this action.  The only "facts" Plaintiff

19  appears to rely on for her RICO claims come from public documents from the early 2000s.

20  Plaintiff's RICO claim is accordingly untimely and should be dismissed with prejudice.

21  **2.      Plaintiff's RICO Claims Are Barred to the Extent They Are Based
             on Prior Challenges to the Validity of Plaintiff's Patents**

22  Plaintiff's RICO claims, like her antitrust claims, are barred under the *Noerr-*

23  *Pennington* immunity doctrine because they are based on prior challenges to the validity of her

24  patents.  As relevant here, the Ninth Circuit and other courts have applied that immunity to

25  RICO and other non-antitrust claims.  *See, e.g.*, *Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir.

26  2006) (applying *Noerr-Pennington* doctrine to a RICO case); *Delacruz v. Antle*, Case No.

27  5:14-cv-05336-EJD, 2017 WL 3670791 (N.D. Cal. Aug. 25, 2017) (dismissing discrimination

28  and conspiracy claims based on *Noerr-Pennington* immunity).  To the extent Plaintiff brings

RICO (or any other claims) based on protected activities—asking a Court or the PTO to invalidate a patent pursuant to statute—the Court should dismiss those claims with prejudice.

### 3. Plaintiff Does Not Allege Sufficient Facts Regarding Fiserv

Even if considered, Plaintiff's RICO claims do not state a plausible claim for relief.  To state a claim under 18 U.S.C. § 1962(b), a plaintiff must allege facts to support the following elements:  (1) acquisition or maintenance of (2) an interest in or control of (3) any enterprise (3) through a pattern (4) of racketeering activity.  *See* 18 U.S.C. § 1962(b).  Similarly, to state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc). *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

Here, Plaintiff's Complaint alleges a conspiracy focused on the Eclipse Foundation, a non-profit founded by IBM and SAP.  Dkt. No. 1 ¶¶ 60-79.  She further appears to allege that the Eclipse Foundation distributed her code in the 2000s without her approval, calling it unlicensed. *Id.* ¶¶ 54, 80, 86-87, 97.  Significantly, however, Plaintiff nowhere alleges that Fiserv had any role in the Eclipse Foundation, much less the ability to exercise control or management.  Merely alleging membership in an organization is not sufficient—Plaintiff is required to allege facts to show that Fiserv controlled or acquired an enterprise (§ 1962(b)) or conducted the affairs of an enterprise (§ 1962(c)) through a pattern of racketeering activity.  She has not alleged facts to support a claim under either section.

Moreover, Plaintiff's Complaint does not allege that Fiserv engaged in any viable predicate acts, much less a pattern of racketeering activity.  Each of 18 U.S.C. § 1962(b), (c), and (d) requires a plaintiff to establish a pattern of racketeering activity. To show a "pattern of racketeering activity," the plaintiff must at least prove that the defendant engaged in at least two predicate acts within a period of ten years. 18 U.S.C. § 1961(5). The definition of "racketeering activity" sets forth a long list of potential predicate acts that may form the basis of a RICO action.  18 U.S.C. § 1961(1).

Here, Plaintiff fails to allege facts to show that Fiserv engaged in any particular predicate act that would support a RICO claim.  In places, she offers conclusory allegations that such acts occurred by "Defendants," *e.g.*, mail and wire fraud, copyright infringement, without alleging the underlying elements of those offenses. *See, e.g.*, Dkt No. 1 at ¶¶ 74, 89, 94, 97. Plaintiff's RICO allegations also include statements that her unidentified patents or copyrights were infringed because the Eclipse Code was not licensed from Plaintiff. *See id.* ¶¶ 74-76 80, 82, 87.  However, patent infringement is not predicate act, so to the extent her claims are based on any patent infringement or "failure to license," they must be dismissed. *See Arunachalam v. IBM Corp.*, 243 F. Supp. 3d 526, 530 (D. Del. 2017) (dismissing Plaintiff's nearly-identical RICO claims against on the basis that patent infringement is not listed in § 1961(1)); *see also Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 295 (9th Cir. 1990) (affirming dismissal for lack of standing when predicate act not listed in § 1961(1)).  To the extent her claim is based on "copyright" infringement, Plaintiff has nowhere alleged the requisite elements of criminal copyright infringement against Fiserv.

Instead of alleging facts, Plaintiff recites RICO claim elements as factual assertions by stating that "Defendants engaged egregiously" in a number of statutory predicate acts. *Id.* ¶ 94.  Yet, Fiserv is not individually named, alleged to have engaged in any of the listed predicates, and no supporting factual allegations are individually asserted against Fiserv.  Instead, it appears that Plaintiff recycled a previously dismissed RICO claim from a different venue, included the same "laundry list" of predicate acts, and merely added Fiserv as an afterthought without any factual underpinnings.  The Delaware district court noted that Plaintiff used the exact same precatory language, "Defendants engaged egregiously" followed by "a laundry list of federal crimes." *IBM,* 243 F. Supp. 3d at 530.

In sum, the Complaint fails to allege that Fiserv acquired, maintained an interest in, controlled, or conducted the affairs of an enterprise through a pattern of racketeering behavior.  Plaintiff's RICO claims should be dismissed to the extent they are directed at Fiserv.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**F.      The Complaint Fails to State Any Trade Secret or False Labeling Claims Against Fiserv (Count IV)**

Plaintiff's Complaint further includes a trade secret misappropriation claim—though it is not clearly alleged against Fiserv.  The basis for Plaintiff's allegations appears to be that IBM, Microsoft, and/or SAP somehow stole her unidentified trade secrets—"related to IoT devices and components thereof – Web applications displayed on a Web browser"—and disclosed them via the Eclipse Foundation in 2002.  *See generally* Dkt. No. 1 ¶¶ 127-144.  The Court should dismiss Plaintiff's trade secret claims with prejudice.

First, Plaintiff does not identify *any* facts involving Fiserv regarding her trade secret claim.  *Id.* ¶¶ 127-160, 234-40.  Plaintiff's failure to allege any involvement of Fiserv is fatal to Plaintiff's claim.  Second, even if deemed to be raised against Fiserv, Plaintiff identifies no specific trade secrets in her complaint with particularity, much less facts to show that Fiserv misappropriated any such trade secrets from Plaintiff.[8]  *See AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 950 (N.D. Cal. 2003) (citing Cal. Civ. Code § 3426.1(b)) (plaintiff must allege the existence of a trade secret and misappropriation of the trade secret); *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1113 (N.D. Cal. 2012) (plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade").  Absent identification of what exactly Plaintiff claims constitute her trade secrets (rather than matters publicly disclosed in her patents), facts about how Plaintiff kept that information secret, and facts regarding how Fiserv misappropriated those trade secrets, Plaintiff's claim necessarily fails.

Third, and finally, even if Plaintiff was deemed to have alleged sufficient facts to state a claim (she has not), her claim is untimely because it appears to be based on a public disclosure of code by the Eclipse Foundation in 2002—far more than three years ago.  *See* Cal. Civ. Code § 3426.6 (trade secret misappropriation claim under California UTSA must be

---

[8] Plaintiff also references, in passing, a claim for "false labeling" against "all Defendants."  Dkt. No. 1 ¶¶ 162, 240.   This claim is not identified as a separate claim for relief, but to the extent the Court deems it proper to consider, the Court should dismiss any such claim against Fiserv.  Plaintiff nowhere identifies facts related to any such claim and nowhere identifies how Fiserv falsely labeled anything.

1  brought within three years after the misappropriation is discovered or should have been

2  discovered through exercise of reasonable diligence).  The Court should accordingly dismiss

3  Plaintiff's trade secret claims with prejudice.

4         **G.**    **The Complaint Fails to State a Claim for Falsification of Origin (Count V)**

5        Plaintiff also alleges a claim for falsification of origin in Count V.  To establish a claim

6  for "false designation of origin under § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A), a plaintiff

7  must prove that the defendant (1) used in commerce (2) any word, false designation of origin,

8  false or misleading description, or representation of fact, which (3) is likely to cause confusion

9  or mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in

10  question." *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015)

11  (citing *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902–904 (9th Cir. 2007); *Int'l Order of*

12  *Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir. 1980)).  "[A] plaintiff suing

13  under § 1125(a) ordinarily must show economic or reputational injury flowing directly from

14  the deception wrought by the defendant's advertising; and that that occurs when deception of

15  consumers causes them to withhold trade from the plaintiff."  *Lexmark Int'l, Inc. v. Static*

16  *Control Components, Inc.*, 134 S. Ct. 1377, 1391 (2014).

17        Plaintiff's Complaint fails to state any falsification of origin claim against Fiserv.  First,

18  the Complaint pleads no facts to show that Fiserv made any misrepresentations in claiming that

19  its products or services were made by Fiserv.  Plaintiff's falsification of origin theory appears

20  to be that the Eclipse Foundation code did not give due credit to Plaintiff for certain source

21  code, but this has nothing to do with any alleged action or misrepresentation by Fiserv.

22  Finally, to the extent Plaintiff bases her claim on the allegation that Fiserv's web applications

23  are "unlicensed" and Fiserv failed to disclose that fact, she alleges no facts to support such a

24  conclusory assertion.  Nor does Plaintiff allege facts to tie this alleged concealment to any

25  economic or reputational harm to Plaintiff.  The Complaint fails to state a claim under the

26  Lanham Act and any such claim against Fiserv should be dismissed.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**H.     The Complaint Fails to State Any Other Claims Against Fiserv (Counts VII, XIV)**

The remainder of Plaintiff's allegations are largely incomprehensible but appear to request relief that the Court is without authority to grant in a civil case.  For example, Plaintiff asks the Court to "report to the FBI and USDOJ" that Defendants (and many others) "breached their solemn oaths of office and willfully committed acts of treason[.]"   Dkt. No. 1 ¶ 312.  Despite Plaintiff's outlandish requests, she appears to make no other factual allegations against Fiserv that could support any conceivable claim for relief.  Fiserv accordingly requests that the Court dismiss Plaintiff's Complaint against Fiserv in its entirety with prejudice.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's claims against Fiserv should be dismissed with prejudice.

DATED:  April 20, 2018                                    **PERKINS COIE LLP**

                                                          By:     */s/ Ramsey M. Al-Salam*
                                                                  Ramsey M. Al-Salam, Bar No. 109506
                                                                  RAlsalam@perkinscoie.com
                                                                  Lane M. Polozola *(admitted pro hac vice)*
                                                                  LPolozola@perkinscoie.com
                                                                  Aaron J. Ver, Bar No. 295409
                                                                  AVer@perkinscoie.com

                                                                  ***Attorneys for Defendant FISERV, INC.***

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the plaintiff and all counsel of record for the parties.

*/s/ Ramsey M. Al-Salam*
Ramsey M. Al-Salam