Dr. Lakshmi Arunachalam
222 Stanford Avenue, Menlo Park, CA 94025
Tel: (650) 690-0995; Fax: (650) 854-3393; Email: laks22002@yahoo.com
*Plaintiff*
*Dr. Lakshmi Arunachalam*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br>      Plaintiff,<br>            v.<br>APPLE, INC., *et al,*<br>      Defendants | C.A. No. 5:18-cv-01250-EJD<br><br>**PLAINTIFF'S COMPLAINT NOTICE OF MOTION AND COMPLAINT MOTION TO DISQUALIFY DAVID BLOCH/WINSTON AND STRAWN  LLP FROM REPRESENTING WELLS FARGO BANK, FULTON FINANCIAL CORPORATION OR ANY PARTY ADVERSE TO PLAINTIFF, DUE TO CONFLICTS OF INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; PROPOSED ORDER; AND REQUEST FOR THE  COURT TO TAKE JUDICIAL NOTICE OF DAVID BLOCH'S DISCRIMINATING MISCONDUCT DENYING ACCESS TO COURT'S PROCESS FOR NO GOOD REASON AND <u>OBSTRUCTION OF JUSTICE BY  INTIMIDATING  A PERCEIVED WITNESS</u>**<br><br>Date: May 31, 2018 Time: 9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Honorable Edward J. Davila |

**COMPLAINT NOTICE OF MOTION AND COMPLAINT MOTION**

PLEASE TAKE NOTICE that on May 31, 2018, at 9:00 a.m. or as soon thereafter as the

matter may be heard in this court, in Courtroom 4, 5th Floor, United States Courthouse, 280

South 1st Street, San Jose, California, Plaintiff Dr. Lakshmi Arunachalam  ("Dr. Arunachalam")

will and hereby does move to disqualify David Bloch and Winston and Strawn LLP from

representing defendants Wells Fargo Bank and Fulton Financial Corporation  in this case,

pursuant to California Rules of Professional Conduct, Rule 3-310(E) and related law.

The complaint motion is based on this complaint Notice, the attached Memorandum of

Points and Authorities in support thereof, the Declaration of Dr. Lakshmi Arunachalam in

support of the complaint Motion, the pleadings on file with this Court, including the Complaint

for Antitrust Violations, etc. on file in this matter, the arguments of Plaintiff, and all other

material which may properly come before the Court at or before the hearing on this Motion.

In addition, Plaintiff requests this Court to take Judicial Notice of:

(i)     David Bloch's discriminating  misconduct denying access to court's process for

no good reason, and <u>obstruction of justice by intimidating a perceived  witness</u>;

and

(ii)    David Bloch providing false Declarations and statements to this Court from

Fulton Financial Corporation that Fulton does not have a presence in California

and yet that David Bloch has been unable to provide any Declaration from Fulton

Executives that Fulton's subsidiaries or investment banking arm does not have a

business presence in California and in this District, as Dr. Arunachalam has

evidence that at least some of Fulton's subsidiaries  and investment banking arm

does indeed have a business presence in this District.

Dated: May 4, 2018                              Respectfully submitted,

222 Stanford Ave, Menlo Park, CA 94025
Tel: 650 690 0995                               <u>Plaintiff</u>
laks22002@yahoo.com                             Dr. Lakshmi Arunachalam

## RELIEF REQUESTED

Plaintiff **Dr. Lakshmi Arunachalam ("Dr. Arunachalam" or "Plaintiff")** respectfully asks the Court to  disqualify David Bloch ("Bloch")  and the law firm Winston and Strawn LLP ("WS"), and any of its counsel from acting on behalf of and representing Wells Fargo Bank ("Wells Fargo") and Fulton Financial Corporation ("Fulton"), two of the named defendants in this matter and  a restraining order on David Bloch from obstructing justice and intimidating a perceived witness.

## POINTS AND AUTHORITIES

### I.       INTRODUCTION

Since at least 1993, Dr. Arunachalam and her companies have developed, invented and patented Dr. Arunachalam's inventions of the Internet of Things and Web applications displayed on a Web browser and distributed and marketed her Web application platform and Web application products and services. See Declaration of Dr. Lakshmi Arunachalam ("Arunachalam Decl"), filed herewith and incorporated herein by reference. Plaintiff's inventions and her company(ies)' products and services cover material related to significant Web application protocols and platforms developed by Dr. Arunachalam. Plaintiff is the owner and assignee of over a dozen patents with a priority date of November 13, 1995, the date of filing of her provisional patent application S/N 60/006,634, on Web applications displayed on a Web browser.

Dr. Arunachalam was invited in 2006/2007 to attend and attended a meeting in San Jose, CA with Bloch then and now a "named partner" at WS about representing her and her companies in patent litigation. In September 2017, Plaintiff was invited by WS  to attend meetings with several lawyers from WS  to possibly represent Plaintiff  at the ITC and to represent Plaintiff on

antitrust violations by certain Defendants in this case with regard to Plaintiff's inventions on Web applications displayed on a Web browser and the Internet of Things, infringed and stolen by the Defendants.

WS is the same lawfirm and Bloch of WS is the same lawyer now representing Defendants Wells Fargo and Fulton, adverse to Plaintiff in this litigation regarding Plaintiff's patents and technologies on Web applications displayed on a Web browser.

In 2017 and 2018, Plaintiff sued Wells Fargo and Fulton in the ITC and in this action herein in this District for the very same claims related to which Dr. Arunachalam shared confidential information with WS and its attorneys and Bloch between 2006 and 2017. The present litigation involves issues regarding Dr. Arunachalam's Web applications displayed on a Web browser and Internet of Things products and services and inventions. WS and Bloch have now appeared in the pending matter as counsel for Wells Fargo and Fulton, adverse to Dr. Arunachalam;  the representation of Wells Fargo and Fulton by WS and Bloch puts WS  and Bloch  directly at odds with its former prospective client from whom WS and Bloch received confidential information and advised Dr. Arunachalam.  Plaintiff  has not, and will not, consent to the adversarial representation, and seeks disqualification of WS  and all its counsel including Bloch and others in this case.

When the conflict of interest became apparent to Plaintiff, Plaintiff asked Wells Fargo's and Fulton's attorneys,  Bloch and WS  to withdraw from the case, but they refused. Thereafter, Plaintiff asked Bloch to return Dr. Arunachalam's files, which would have necessitated review of the file materials by WS and David Bloch, including Dr. Arunachalam's confidential materials, once more. Bloch of WS advised Dr. Arunachalam that they had none, but the electronic files

likely still exist at the WS offices, given the requirement that client/prospective client files are to be maintained for 7 years.

Plaintiff believes that WS and Bloch obtained significant and meaningful confidential information about Plaintiff through their attorney/client relationship that will place Plaintiff at a disadvantage in the pending litigation.

Bloch and WS obtained confidential information that is relevant to the instant suit when Bloch and WS met with Dr. Arunachalam in 2006-2008 and with other lawyers from WS in September 2017 to discuss potentially representing Dr. Arunachalam and her company(ies) in the ITC and an Antitrust case and patent litigation.

WS and Bloch are conflicted out in representing Wells Fargo or Fulton or any party adverse to Plaintiff or her company(ies) in this action or any other action for his/their conflicts of interest and because Plaintiff has not waived their conflicts of interest, as they are in possession of confidential information from Plaintiff and her companies and have advised Plaintiff with regard to Plaintiff's patents, patent litigation, ITC litigation and antitrust litigation and have provided even expert witness advice to represent me and my companies for patent litigation, for which Plaintiff has many witnesses to this fact and email and other evidence. Plaintiff put Bloch on notice of this over a month ago and he refuses to remove himself from representing Wells Fargo Bank and Fulton Financial Corporation.

All of this lead to and support Plaintiff's request for disqualification of WS and Bloch, so that Plaintiff can be assured of the integrity of the judicial system and an "even playing field" in this case.

## II.     ARGUMENT

**A.     California law is Applicable to the Disqualification Analysis.**

District courts have inherent authority to disqualify counsel. *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996). The Civil Local Rules for the 9th Circuit courts mandate that every attorney who appears before the Court "comply with the standards of professional conduct required of the members of the State Bar of California." Civil L.R. 11-4(a)(l). As a result, in deciding motions seeking disqualification of counsel, the Federal Courts in California apply California state law. *In re County of Los Angeles*, 223 F3d 990, 995 (9th Cir. 2000); *Advanced Messaging Technologies, Inc. v. Easy Link Services lnt'l Corp.,* 913 F.Supp.2d 900, 906 (S.D. Cal. 2012); *Beltran v. Avon Products, Inc.,* 867 F.Supp.2d 1068, 1076 (S.D. Cal. 2012).

**B. Winston and Strawn LLP Cannot Accept Employment Adverse To Its Former Client/Prospective Client From Whom They Have Received Confidential Information Related To This Case.**

It is a long-standing tenet of the legal profession that without the informed written consent of a former client/prospective client, an attorney may not undertake representation adverse to that former client when the attorney has obtained confidential information material to the current employment. California Rules of Professional Conduct, Rule 3-310(E). The purpose of Rule 3-310(E) is to ensure "permanent confidentiality of matters disclosed to the attorney in the course of the prior representation ...." *Adams v. Aerojet-General Corp*., 86 Cal.App.4th 1324, 1334 (2001). In  accord, "(I)t is well established that an attorney may not at any time use against his former client  knowledge or information acquired by virtue of the previous relationship." *Med-Trans Corp., Inc. v. City of California City*, 156 Cal.App.4th 655,664 (2007). "The purpose of the rule is to protect both confidential communications and the enduring confidential relationship between attorney and client." *Id*. which starts at the initial meeting.

The paramount concern in the disqualification analysis must be "to preserve public trust in the scrupulous administration of justice and the integrity of the bar. The important right to

counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process." *People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.,* 20  Cal.4th 1135, 1145 (1999). To this end, a basic obligation of every attorney is "[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." Bus. & Prof. Code,§ 6068, subd. (e); See *SpeeDee, supra*, at 1146.

Knowledge obtained by one member of a law firm is imputed to all other members, including partners and associates. An attorney's conflict of interest inures to the entire law firm on the rationale "that attorneys, working together and practicing law in a professional association, share each other's, and their clients', confidential information." Case law has established that the need to maintain client confidences requires disqualification of a firm when one of the attorneys in the firm possesses confidential information of the adverse party. See *SpeeDee, supra*, at 1153-1154; *Beltran, supra,* at 1083; *In re County of Los Angeles, supra,* at 995; *Flatt v. Superior Court,* 9 Cal.4th 275, 283-284 (1994).

The motion at hand addresses material confidential information belonging to Plaintiff that was obtained by WS and Bloch during their work together with Plaintiff. As a result of the original Dr. Arunachalam representation, the WS and Bloch  must be disqualified.

1.   **Winston and Strawn LLP and David Bloch Possess Confidential Information Supporting Disqualification**.

In "successive representation" cases, where the disqualification analysis is premised on an earlier representation of a client now adverse to a second client, disqualification of counsel is warranted under two situations: (1) the attorney actually possesses adverse confidential information or (2) the attorney's acquisition of confidential information is presumed  because the

prior and present cases are substantially related. *Beltran, supra*, at 1077; *Faughn v. Perez*, 145 Cal.App.4th 592, 603 (2006). In this case, both bases for disqualification are present.

The Court begins its analysis of whether a law firm actually acquired its client's confidential information at the attorney/client relationship's "early stages" .... ( citations omitted) See *SpeeDee, supra*, at 1147-1148) As in the case at hand, the attorney/client fiduciary relationship includes preliminary consultations by a prospective client with a view to retention of the lawyer, and the  absence of an agreement with respect to a fee to be charged does not prevent the relationship from  arising. *Westinghouse Electric Corp. v. Kerr-McGee Corp.,* 580 F.2d 1311, 1319 (7th Cir. 1978); *Miller v. Metzinger*, 91 Cal.App.3d 31, 40 (1979).

The primary concern, then, is not when confidential information was acquired, but whether it was acquired, and to what extent. See *SpeeDee, supra*, at 1148; *Henriksen v. Great American Savings & Loan*, 11 Cal.App.4th 109, 113-114 (1992). That question is not necessarily answered by the amount of time involved in the representation. "Even the briefest conversation between a lawyer and a client can result in the disclosure of confidences." *Novo Terapeutisk, etc. v. Baxter Travenol Lab.*, 607 F.2d 186, 195 (7th Cir. 1979). Hence, attorneys acquire fiduciary obligations of loyalty and confidentiality when attorney-client discussions proceed beyond initial or peripheral contacts. *Beery v. State Bar*, 43 Cal.3d 802, 812 (1987).

Here, the Declaration of Dr. Lakshmi Arunachalam provides sufficient evidence to meet the test. Bloch and his colleagues worked directly with Plaintiff   during the Dr. Arunachalam representation. Without disclosing the actual communications made between attorneys and client, so as to protect the attorney/client privilege, the Declaration submitted in support of the disqualification request demonstrate that Plaintiff shared with  Bloch and WS the strategy on how to approach antitrust.

David Bloch is named on the caption designating Winston and Strawn LLP as counsel of record in this case for Wells Fargo and  Fulton,  and each of the counsel working on this case for Wells Fargo and  Fulton possesses, by imputed knowledge, the same confidential information possessed by the firm 's named partner Bloch. Because neither Bloch nor WS  could have been aware of the present conflict of interest when they originally worked with Dr. Arunachalam, there could not have been any effort made to "wall off' their knowledge from the rest of the firm." It is too late now to employ any protective strategies, given the fact that the issue did not arise until recently.

Once it is confirmed that confidential information actually has been acquired by the firm in question, the court must determine that the information obtained during the first representation is material to the second; that is, it must be found to be "directly at issue in, or have some critical importance to" the second representation. *Farris v. Fireman's Fund Ins. Co*., 119 Cal.App.4th 671, 680 (2004). There is "no strict requirement of precise relationship between the factual and legal issues of the two cases." *Costello v. Buckley*, 245 Cal.App.4th 748, 754 (2016). "The attorney may acquire confidential information about the client or the client's affairs which may not be directly related to the ... lawsuit at hand but which the attorney comes to know in providing representation to the former client with respect to the previous lawsuit. ... " *Jessen v. Hartford Casualty Ins. Co*., 111 Cal.App.4th 698, 712 (2003).

Here, the claims brought by Plaintiff  against Wells Fargo and Fulton  are based on Plaintiff's Web applications displayed on a Web browser, the Internet of things products, services and inventions. That same Plaintiff's Web applications displayed on a Web browser, the Internet of things products, services and inventions are directly at issue in this present matter. Moreover, the pending antitrust and other fraud litigation and damage analyses pertinent to these claims are

also related to Plaintiff's Web applications displayed on a Web browser, the Internet of things products, services and inventions, called into focus with regard to the intellectual property matters at hand, all discussed while WS and Bloch were working with Dr. Arunachalam. These same concerns were seminal issues during the prior WS and Bloch representation.

In *Beltran, supra*, the court reviewed a potential conflict of interest based on an attorney's actual acquisition of confidential information. There, the fact that counsel obtained information pertinent to his client's business practices, corporate personnel witnesses, its settlement strategies, and the product testing at issue in the case warranted disqualification. Because the second case, where counsel was adverse to his former client, also involved these issues, that knowledge would provide his current client with an "unfair litigation advantage". See *Beltran, supra*, at 1080. In addition, and on point herein, counsel obtained "highly sensitive and confidential ... documents" for the purpose of settlement, which the court determined "exposed him" to confidential information regarding his former client's settlement strategy. Further, the client's defense strategy and litigation philosophy were made known to counsel in the previous matter, just as with Dr. Arunachalam and WS and Bloch, all potentially relevant in the successor litigation and according to the Court, a basis for disqualification. See *Beltran, supra*, at 1080-1081. Likewise, in *Costello, supra*, counsel gained confidential information regarding his former client's personal relationship while representing her in an easement dispute. Later, counsel represented a client adverse to his former client in a collection matter. Arguing against disqualification, counsel contended that there was no substantial relationship between the easement and collection cases. But the Court noted that the confidential information he had obtained, as in the case at bench, could or potentially could be used against the former client in the pending litigation, and disqualification was granted. See *Costello, supra*, at 754-755.

In successive representation cases, "the chief fiduciary value jeopardized is that of client confidentiality". See *Flatt, supra*, at 283. Based on the evidence presented demonstrating WS's actual possession of material confidential information, the relationship between the prior and pending matters, and the fact that the information at issue "could or potentially could" be used against Plaintiff.  Plaintiff  asks that WS and Bloch be barred from their  adverse representation of Wells Fargo and Fulton. Confidences provided by Dr. Arunachalam  to its prior counsel, now in the possession of defendants Wells Fargo's  and Fulton's  counsel, could well provide Wells Fargo  and Fulton with an unfair advantage in this litigation.

## 2.   The Successive Representations Are Substantially Related.

The Court also is able to base its consideration of a disqualification request on a presumption that confidential information belonging to Dr. Arunachalam  is in the possession of David Bloch and WS.  Separate and apart from cases where an attorney actually possesses material confidential information, it is also true that when the subjects of two successive representations are substantially related, it is presumed that counsel acquired confidential information during the first representation. That presumption leads to disqualification without inquiry into the confidential communications themselves. See *Flatt, supra*, at 283; Cal. Bus. & Prof. Code§ 6068(e); Cal. Prof. Conduct Rule 3–310(C, E). The same presumption extends disqualification to an attorney's entire firm. See *Med-Trans, supra*, at 665, citing *Flatt, supra*, at 283-284.  Hence, when the relationship between the former client and its counsel was direct and personal, the only inquiry under this line of authority is whether there is a connection between the two successive representations. That analysis does not require any inquiry into the "state of the attorneys' knowledge acquired" while representing the former client. See *Jessen, supra*, at 706; *Ahmanson & Co. v. Salomon Brothers, Inc*., 229 Cal.App.3d 1445, 1453 (1991); *River*

*West, Inc. v. Nickel*, 188 Cal.App.3d 1297, 1302-1303 (1987). Anticipating that WS  and Bloch may argue against application of this doctrine, it may seem at first  to  not resemble the pending Antitrust Violations/Intellectual Property matter brought by Plaintiff against Wells Fargo and Fulton. But "limiting the comparison of the two representations to their precise legal and factual issues might operate unrealistically to the detriment of the first client. Depending upon the nature of the attorney's relationship with the former client, the attorney may acquire confidential information about the client or the client's affairs which may not be directly related to the transaction or lawsuit at hand but which the attorney comes to know in providing the representation to the former client with respect to the previous lawsuit or transaction." (emphasis added ) See *Jessen, supra*, at 712.

The "substantial relationship" analysis is not premised solely on the substantive nature of the two representations. As the *Jensen court* noted, this inquiry does not employ a "bright line" standard. "Exacting specificity in the law is unrealistic", according to *Jessen*, so the legal principles involved in this examination are generalized, and applied on a case-by-case basis "by the exercise of the court's considered judgment based in reason, logic and common sense." See *Jessen, supra*, at 713. When a court is asked to determine whether the subjects of two successive representations are substantially related, the word "subjects" is afforded a broader definition than the "discrete legal and factual issues involved in the compared representations." See *Jessen, supra*, at 712; *Flatt, supra* at 283. The "subject" of a representation in the disqualification context includes "information material to the evaluation, prosecution, settlement or accomplishment" of the litigation or transaction given its specific legal and factual issues. (emphasis added) *Jessen, supra*, at 712-713, citing *Morrison Knudsen Corp. v. Hancock*, *Rathert & Bunshoft* 69 Cal.App.4th 223, 236-237 (1999).

The courts have considered a broad range of presumed confidential information which could be useful to the current client in the current matter, such as the "identity of all the key decision makers," the "litigation philosophy," the "organizational structure" of the past client, and the "financial impact of pending ... claims" against the client. See *Jessen, supra*, at 713, *Morrison Knudsen Corp. v. Hancock, Rother! & Bunshoft*, 69 Cal.App.4th 223, 236-237 (1999); *William H Raley Co. v. Superior Court*, 149 Cal.App.3d 1042, 1047 (1983). As a part of this analysis, the courts "must also accept the possibility" of some "overinclusion" of disqualified attorneys and firms as a "necessary byproduct of the paramount solicitude for the maintenance of the public's trust in the fairness of the justice system and in the integrity of the bar. ... ". See *SpeeDee, supra*, at 1145-1147; *Jessen, supra*, at 712-713.

Here, the original representation of Dr. Arunachalam by WS and Bloch was direct and detailed. In the pending litigation, the issues focus on Dr. Arunachalam's Web applications displayed on a Web browser, the Internet of Things, as well as the obstruction of justice and fraud and antitrust violations and fraud-based allegations. Just as described in *Jessen, supra*, and its progeny, the "subjects" of. two successive representations are afforded a broad context, and include "information material to the evaluation, prosecution, settlement or  accomplishment" of the litigation." Hence, because WS and Bloch had a direct relationship with Dr. Arunachalam and her companies  in a case substantially related to Dr. Arunachalam's 's action against Wells Fargo and Fulton, WS and Bloch are presumed to possess confidential information which compels disqualification in this case. Whether by virtue of this presumption or WS's and David Bloch's actual possession of relevant confidences, Wells Fargo and Fulton have an advantage in this case. Both the appearance of impropriety and the integrity of the judicial process are implicated. Notwithstanding any other privileged knowledge, WS's own strategy against

13

antitrust is now prejudicially inverted and gives Wells Fargo and Fulton a prejudicial

advantage.

### 3. Dr. Arunachalam Did Not Consent To The Wells Fargo and Fulton Representation.

In a "successive representation" case, a former client can consent to an attorney's new

adverse client relationship in writing, assuming that the former client is informed of the conflict.

Pursuant to California Rules of Professional Conduct, Rule 3-3l0(E), WS and Bloch could

represent Wells Fargo and Fulton, if they had obtained informed, written consent from Dr.

Arunachalam. Under Rule 3-310(A)(2), informed written consent means the "former client's

written agreement to the representation following written disclosure." "Disclosure" is defined in

Rule 3-310(A)(l) as "informing the ... former client of the relevant circumstances and the actual

and reasonably foreseeable adverse consequences to the ... former client." A valid consent

requires the former client to indicate that they "know of, understand and acknowledge the

presence of a conflict of interest ...." *Sharp v. Next Entertainment*, *Inc*., 163 Cal.App.4th 410,

429 (2008). "The concept of informed consent is a familiar one. It signifies that a person making

an important decision does so on the basis of adequate knowledge of the facts and an awareness

of the consequences of the decision." *Id,* at 430. Here, Dr. Arunachalam was never advised by

WS and Bloch of the existing conflict, and would not have consented to the adverse

representation of Wells Fargo and Fulton had it been so advised. Here, too, had the issue arisen

at the offices of Dr. Arunachalam, the successive representation could never have occurred with

a written conflict waiver.

### 4. Wells Fargo and Fulton Will Not Be Unduly Prejudiced By Disqualification of Winston and Strawn.

Given the early stage of this litigation, any prejudice to Wells Fargo and Fulton would be minimal. No discovery has been undertaken; the only other motion(s) filed are  Wells Fargo's and Fulton 's Motions to Dismiss, set for hearing on May 31, 2018. Dr. Arunachalam learned of the conflict of interest and asked WS and Bloch to withdraw as counsel. When WS and Bloch declined, and WS  and Bloch refused to return Dr. Arunachalam's files, the Motion to Disqualify was prepared.

**III.    THIS COURT MUST TAKE JUDICIAL NOTICE OF  (i) DAVID BLOCH'S DISCRIMINATING MISCONDUCT DENYING ACCESS TO COURT'S PROCESS FOR NO GOOD REASON AND <u>OBSTRUCTION OF JUSTICE BY INTIMIDATING  A PERCEIVED WITNESS</u> BY HARRASSING PHONE CALLS TO BISHOP ENTWISTLE OF THE LDS CHURCH ON 5/3/2018; AND  (ii) DAVID BLOCH PROVIDING FALSE DECLARATIONS AND STATEMENTS TO THIS COURT FROM FULTON FINANCIAL CORPORATION EXECUTIVE THAT FULTON DOES NOT HAVE A PRESENCE IN CALIFORNIA AND YET THAT DAVID BLOCH HAS BEEN UNABLE TO PROVIDE ANY DECLARATION FROM FULTON EXECUTIVES THAT FULTON'S SUBSIDIARIES OR INVESTMENT BANKING ARM DOES NOT HAVE A BUSINESS PRESENCE IN THIS DISTRICT, AS DR. ARUNACHALAM HAS EVIDENCE THAT AT LEAST SOME OF FULTON'S SUBSIDIARIES  AND INVESTMENT BANKING ARM DO  INDEED HAVE A BUSINESS PRESENCE IN THIS DISTRICT.**

It was brought to Dr. Arunachalam's attention on 5/3/18 that David Bloch engaged in overt obstruction of justice, discriminating misconduct  denying access to Court's process for no good reason and by intimidating a perceived witness, by harassing Bishop Entwistle of the LDS Church for providing the facts, material and integral to the instant case, in a letter Plaintiff's church Bishop  had provided to the Delaware Superior Court certifying Dr. Arunachalam had a head injury  and had a concussion,  for which she is continuing to undergo extensive medical treatment, a fact which still remains true. Bloch had no business calling Bishop Entwistle in his extremely responsible position during his  busy day.

**This Court must take  Judicial Notice that** (i) David Bloch  harassed and intimidated LDS Church Bishop Entwistle on 5/3/18 for providing a letter  to the Delaware Superior Court on Dr. Arunachalam's medical condition and concussion and Bloch engaged in obstruction of justice, intimidating  a perceived witness;  and (ii) that David Bloch provided  a false declaration with false statements to this Court from Fulton Financial Corporation's Senior Executive  that Fulton does not have a presence in California and that David Bloch has been unable to provide any declaration from Fulton Executives that Fulton's subsidiaries or investment banking arm do not have a business presence in this District. Dr. Arunachalam has evidence that at least some of Fulton's subsidiaries and investment banking arm do indeed have a business presence in this District. This is a willful and wanton fraud on the Court as to a material fact by Bloch and WS.

These facts further warrant disqualification of David Bloch and Winston and Strawn LLP from representing Wells Fargo and Fulton against Dr. Arunachalam and this Court must not only sanction but give Bloch  time as warranted for obstructing justice by intimidating a perceived witness as to material facts central to this case and report him to the BAR Association and David Bloch should be disbarred for obstructing justice and depriving Dr. Arunachalam of her due process rights and fundamental rights to medical care after a major head injury and engaging in civil rights violations and elder abuse by causing Plaintiff undue psychological distress. Dr. Arunachalam is a 70-year old disabled, female Indian born inventor/Plaintiff.

### IV. CONCLUSION

Under the circumstances presented by WS's and Bloch's successive representation of adverse parties, WS  and Bloch were required to obtain a written waiver of the conflict of interest presented by that representation. Dr. Arunachalam was never asked to consent to a waiver of the conflict. Based on the confidential materials and information in possession of WS and Bloch,

together with the similarities between the two matters at issue, Plaintiff would not have

consented had she been asked. Notwithstanding the fact that they propound now that they never

received any information and that they declined to represent her, an absolute falsehood. This

Court must  disqualify Winston and Strawn LLP and its attorneys  and David Bloch from

representing Wells Fargo Bank and Fulton  Financial Corporation in the pending litigation, under

these facts and circumstances and pursuant to California Rules of Professional Conduct, Rule 3-

310(E) and related law . Enforcing the law is not discretionary and therefore Plaintiff's request is

reasonably sound and rooted in law. .

Dr. Arunachalam's Declaration and a Certificate of Service are attached.

Dated: May 4, 2018                                      Respectfully submitted,

222 Stanford Ave, Menlo Park, CA 94025
Tel: 650 690 0995                                        Plaintiff
laks22002@yahoo.com                                      Dr. Lakshmi Arunachalam

**DECLARATION OF DR. LAKSHMI ARUNACHALAM IN SUPPORT OF "PLAINTIFF'S COMPLAINT NOTICE OF MOTION AND COMPLAINT MOTION TO DISQUALIFY DAVID BLOCH/WINSTON AND STRAWN  LLP FROM REPRESENTING WELLS FARGO BANK, FULTON FINANCIAL CORPORATION OR ANY PARTY ADVERSE TO PLAINTIFF, DUE TO CONFLICTS OF INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;  AND PROPOSED ORDER, AND REQUEST FOR THE  COURT TO TAKE JUDICIAL NOTICE OF DAVID BLOCH'S DISCRIMINATING MISCONDUCT DENYING ACCESS TO COURT'S PROCESS FOR NO GOOD REASON AND OBSTRUCTION OF JUSTICE BY  INTIMIDATING  A PERCEIVED WITNESS"**

I declare under the penalty of perjury that the above facts and statements in the above-captioned

Motion and Memorandum of Points and Authorities are true and correct to the best of my

knowledge and belief.

Dated: May 4, 2018                                      Respectfully submitted,

222 Stanford Ave, Menlo Park, CA 94025
Tel: 650 690 0995; laks22002@yahoo.com   Dr. Lakshmi Arunachalam

**PROPOSED ORDER**

Came before the Court this day Plaintiff Dr. Lakshmi Arunachalam moving to disqualify David Block and Winston and Strawn LLP from representing Wells Fargo Bank and Fulton Financial Corporation and it is hereby **ADJUDGED AND ORDERED** that said Motion is granted and David Bloch is sanctioned for obstructing justice by intimidating a perceived witness and David Bloch is restrained from obstructing justice by intimidating a perceived witness.

Dated: May ___, 2018            _____

District Court Judge

## CERTIFICATE 0F SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court and electronically served through the CM/ECF system which will send a notification of such  filing to all counsel of record.

Dated: May 4, 2018                                    Respectfully submitted,

222 Stanford Ave, Menlo Park, CA 94025
Tel: 650 690 0995                                         laks22002@yahoo.com
                        Dr. Lakshmi Arunachalam