1   Ramsey M. Al-Salam, Bar No. 109506
    RAlsalam@perkinscoie.com
2   Lane M. Polozola *(admitted pro hac vice)*
    LPolozola@perkinscoie.com
3   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
4   Seattle WA 98101
    Tel: 206-359-8000 / Fax: 206-359-9000
5
    Aaron J. Ver, Bar No. 295409
6   AVer@perkinscoie.com
    PERKINS COIE LLP
7   505 Howard Street, Suite 1000
    San Francisco, CA 94105
8   Tel: 415-344-7000 / Fax: 415-344-7050

9   Attorneys for Defendant FISERV, INC.

10

11                     IN THE UNITED STATES DISTRICT COURT

12                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                             SAN JOSE DIVISION

14

15  DR. LAKSHMI ARUNACHALAM,            Case No. 5:18-cv-1250-EJD
16
                     Plaintiff,         **DEFENDANT FISERV INC.'S RESPONSE IN**
17                                       **OPPOSITION TO PLAINTIFF'S MOTION**
         v.                              **FOR SUMMARY JUDGMENT AGAINST**
18                                       **ALL DEFENDANTS**
19  APPLE INC., *et al.*,
                                         Date:    July 12, 2018
20                   Defendants.         Time:    9:00 AM
                                         Dept.:   Courtroom 4, 5th Floor
21                                       Judge:   Hon. Edward J. Davila

22

23

24

25

26

27

28

1    Defendant Fiserv, Inc. ("Fiserv") respectfully urges the Court to deny Plaintiff's

2  "Motion for Summary Judgment Against All Defendants..." (Dkt. No. 168). Plaintiff's filing

3  is yet another paper that is filled with incomprehensible, frivolous arguments and irrelevant

4  material. Plaintiff offers no justifiable basis for granting summary judgment against Fiserv but

5  instead accuses counsel for another party of "witness tampering/obstruction of justice." (*Id.* at

6  1). For at least the following reasons, Plaintiff's motion should be denied and Plaintiff barred

7  from filing any further motions involving Fiserv until the Court has ruled on Fiserv's pending

8  motion to dismiss.

9    *First*, Plaintiff's motion is procedurally improper. Every defendant, including Fiserv,

10  has moved to dismiss Plaintiff's Complaint. No discovery has been taken and no case

11  schedule has been set. Granting summary judgment against Fiserv or any other defendant

12  would be improper under these circumstances—even in a normal case. It would be

13  particularly improper here given the many deficiencies in Plaintiff's Complaint and the nature

14  of Plaintiff's allegations.

15    *Second*, Plaintiff's motion has nothing to do with Fiserv or the merits of her alleged

16  claims. In the filing, Plaintiff requests that summary judgment be granted against "ALL

17  Defendants" because counsel for another party contacted an acquaintance of Plaintiff's, Bishop

18  Entwistle, after she submitted a letter to counsel from him when requesting an extension. (*See*

19  Dkt. No. 168 at 2-9). Fiserv is not mentioned in the motion and Plaintiff offers no reason why

20  judgment should be entered against Fiserv. Moreover, nothing in her motion suggests, shows,

21  or even relates to a purported lack of disputed fact regarding every element of Plaintiff's many

22  claims with respect to any defendant, much less Fiserv.

23    *Third*, to the extent Plaintiff's motion is viewed as a request for sanctions against

24  Fiserv in the form of summary judgment due to the communication between counsel for

25  another defendant and Bishop Entwistle, that request should be denied. Nothing in Plaintiff's

26  motion shows any form of sanctionable or otherwise improper conduct or a violation of any

27  court order or rules, much less any willful or bad faith conduct by Fiserv. Any form of

28  terminating or other sanctions would be unjustified.

For at least these reasons, Fiserv requests that the Court deny Plaintiff's Motion for Summary Judgment Against All Defendants as to Fiserv and prohibit Plaintiff from filing any additional motions regarding Fiserv until after the Court has ruled on the pending motions to dismiss.

DATED:  May 22, 2018                         **PERKINS COIE LLP**

                                   By:   */s/ Lane M. Polozola*
                                         Ramsey M. Al-Salam, Bar No. 109506
                                         RAlsalam@perkinscoie.com
                                         Lane M. Polozola *(admitted pro hac vice)*
                                         LPolozola@perkinscoie.com
                                         Aaron J. Ver, Bar No. 295409
                                         AVer@perkinscoie.com

                                         ***Attorneys for Defendant FISERV, INC.***

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that on May 22, 2018, I electronically filed the foregoing document

3

with the Clerk of the Court using the CM/ECF system, which will send notification of such

4

filing to the plaintiff and all counsel of record for the parties.

5

6

                                          */s/ Lane M. Polozola*
                                          Lane M. Polozola

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28