Ramsey M. Al-Salam, Bar No. 109506
RAlsalam@perkinscoie.com
Lane M. Polozola *(admitted pro hac vice)*
LPolozola@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle WA 98101
Tel: 206-359-8000 / Fax: 206-359-9000

Aaron J. Ver, Bar No. 295409
AVer@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
Tel: 415-344-7000 / Fax: 415-344-7050

*Attorneys for Defendant FISERV, INC.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., *et al.*,<br><br>Defendants. | Case No. 5:18-cv-1250-EJD<br><br>**DEFENDANT FISERV INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: July 12, 2018<br>Time: 9:00 AM<br>Dept.: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

## I. INTRODUCTION

Plaintiff's claims against Fiserv should be dismissed with prejudice. Her Complaint fails to comply with the basic pleading standards under Rule 8 and is filled with outlandish and incomprehensible allegations. It also fails to allege a single plausible claim for relief against Fiserv. As explained in Fiserv's motion to dismiss, Plaintiff alleges no facts that support a claim against Fiserv. Even if the facts alleged somehow implicated Fiserv, many of Plaintiff's claims are insufficient as a matter of law. Plaintiff's patent claim, for example, is barred under the doctrine of collateral estoppel and insufficiently pled. Her RICO and antitrust claims allege no facts related to Fiserv that could support a claim and they are, in any event, barred as a matter of law under the *Noerr-Pennington* doctrine and the applicable statutes of limitations. Finally, Plaintiff's remaining claims simply do not concern Fiserv. All claims should be dismissed with prejudice so that Fiserv can focus on its business and the Court can focus on more meritorious cases with its limited resources.

## II. PLAINTIFF'S RESPONSE OFFERS NOTHING MORE THAN A REHASH OF HER COMPLAINT—WHICH FAILS TO STATE ANY PLAUSIBLE CLAIM

Plaintiff's Opposition distills to her apparent belief that patents can never be invalidated and that Defendants generally have misled prior courts and the PTAB into ignoring "patent prosecution history estoppel." There is nothing in Plaintiff's combined Reply, however, that addresses the specific pleading deficiencies identified in Fiserv's motion or that properly applies the correct legal standards.

### A. Plaintiff's Complaint Does Not Comply With Rule 8

First, Plaintiff's Complaint contains no "short and plain statement of the claim showing the pleader is entitled to relief" and no "simple, concise, and direct" allegations. *See* Fed. R. Civ. P. 8(a)(2), 8(d)(1). Plaintiff's Opposition refers to Rule 8, but nowhere shows how her Complaint complies with that rule. Nor could it. The Complaint contains more than a hundred pages of outlandish and accusatory allegations and is nearly impenetrable. Like her others, the instant Complaint should be dismissed for failure to comply with Rule 8. *Arunachalam v. United States, et al.*, Case No. 5:16-cv-06591-EJD, Dkt. Nos. 72, 87, 100, 104 (N.D. Cal. Jan.

FISERV INC.'S REPLY ISO
MOTION TO DISMISS -1-
CASE NO. 5:18-CV-1250-EJD

23, 2018); *see also Arunachalam v. Davila*, Case No. 18-cv-02488-JD, Dkt. No. 12 (N.D. Cal. May 17, 2018) (dismissing *sua sponte* Plaintiff's most recent amended complaint that was 195 pages and contained hundreds of pages of exhibits because the complaint was an "incomprehensible morass of allegations that are a far cry from a short and plain statement of claims" and "[a] putative defendant would not know where to begin in responding…"). As Judge Donato recently explained, "Plaintiff's pro se status does not relieve her of conformity to the pleading rules." *Arunachalam v. Davila*, Case No. 18-cv-02488-JD, Dkt. No. 12 at 1.

### B. Plaintiff's Complaint Does Not State Any Viable Claim Against Fiserv

Plaintiff's Complaint should also be dismissed because it sets forth no viable claim against Fiserv. Plaintiff reiterates the same issues she has raised in her Complaint and other filings—her view that patents cannot be invalidated, that the Delaware court in *JPMorgan* erred in invalidating her patents, and that defendants have collectively misled the courts and PTAB into ignoring "patent prosecution history estoppel." But Plaintiff's arguments are both wrong as a matter of law and a distraction from the pleading deficiencies in her Complaint. The Court should dismiss her claims against Fiserv with prejudice.

#### 1. Plaintiff is Collaterally Estopped from Asserting the '340 Patent

Fiserv's motion set out how each requirement of the collateral estoppel doctrine was met and accordingly how Plaintiff is prohibited from asserting the invalid '340 Patent. *See* Dkt. No. 153 at 8-10. In response, Plaintiff argues that earlier decisions invalidating her patents are wrong and that Defendants misled courts into ignoring her legal argument based on "patent prosecution history." Dkt. No. 172 at 7-8. She nowhere disputes, however, that the requirements for collateral estoppel are met. Nor could she. She acknowledges that related patents with the same indefinite claim terms were held invalid. She does not dispute that the Federal Circuit dismissed her appeal in the *JPMorgan* case (and others). And she does not dispute that she had the opportunity to fully litigate those other proceedings and that they resulted in a final judgment. As a result, Plaintiff's "patent prosecution history estoppel" argument misses the key point. Collateral estoppel is intended to prevent the exact type of re-litigation of issues that Plaintiff now attempts.

Moreover, Plaintiff's "patent prosecution history estoppel" argument is both irrelevant and wrong. Even if the Court were to consider it relevant (which it is not), prosecution history estoppel is a legal rule that can be summarized as follows:

> If during the prosecution of a patent application, the applicant, whether by amendment or by statements made to the Patent Office, narrows a presented claim and surrenders subject matter originally covered by the claim in order to receive an allowance of the patent, the patentee in a subsequent infringement may not assert that the doctrine of equivalents permits an equivalent of the subject matter surrendered during the prosecution.

2 Annotated Patent Digest (Matthews) § 14:1 (May 2018). There is nothing about this doctrine, or any others, that prevents one accused of patent infringement from seeking to invalidate a patent pursuant to statute before the Courts (*see* 35 U.S.C. § 282(b)(2)-(3) (authorizing invalidity defense to patent infringement actions)) or before the USPTO (*see*, *e.g.*, 35 U.S.C. § 311(b) (authorizing petitions for *inter partes* review that seek to cancel patent claims)).

Plaintiff's repeated assertion that the Federal Circuit's decision in *Aqua Products v. Matal* "reversed any PTAB, or court decisions, including its own prior decisions invalidating patents, that did not consider 'patent prosecution history'" is similarly wrong. Dkt. No. 172 at 8, 10. The Federal Circuit's *Aqua Products* decision addressed "the proper allocation of the burden of proof when amended claims are proffered during inter partes review proceedings[.]" *See Aqua Products, Inc. v. Matal*, 872 F.3d 1290, 1295-96 (Fed. Cir. 2017). It did not involve "prosecution history estoppel" or hold, in any way, what Plaintiff claims. Likewise, Plaintiff's continued references to decisions in *TC Heartland*, *Stonite*, and *Fourco* are equally irrelevant. *See*, *e.g.*, Dkt. No. 172 at 8, 14, 17, 19. Those decisions involved venue in patent cases rather than any issue relevant to Plaintiff's claims.

Finally, Plaintiff's apparent belief that patents cannot be invalidated is incorrect. Her argument ignores longstanding precedent and practice. *See Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1563-64 (Fed. Cir. 1988) (rejecting constitutional challenge to federal courts' ability to adjudicate patents as "obviously erroneous" and noting that "[s]ince

the adoption of the first Patent Act in 1790, Congress has permitted judicial review of the validity of patents"); *Andrews v. Hovey*, 124 U.S. 694, 717-18 (1888) (denying rehearing after ruling that public uses by others after having observed the inventor's invention and before the critical date, even though done without the inventor's consent, invalidated the inventor's patent on grounds of public use). Indeed, the Supreme Court this term concluded that the *inter partes* review procedure for invalidating patents is constitutional. *See Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1378 (2018).

In sum, Plaintiff's repeated references to "prosecution history estoppel" boil down to nothing more than her taking exception with other courts' or the PTAB's decisions invalidating her patents. But any such issues should have been dealt with in those cases—not with a series of collateral challenges and new conspiracy theories directed at Fiserv and others. And significantly, there is nothing improper about a court or the PTO invalidating a patent pursuant to statute.

### 2. Plaintiff Does Not Adequately Plead Patent Infringement Against Fiserv

Plaintiff's Opposition also fails to address, in detail, how her Complaint adequately pleads patent infringement against Fiserv. The Complaint neither identifies the accused Fiserv product or service nor explains, in any way, how such a product or service allegedly infringes. While the Federal Circuit held recently that a complaint that did not set forth an element-by-element infringement analysis satisfied *Twombly* in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018), Plaintiff's Complaint here falls short of meeting the *Twombly* standard even if not required to set out an element-by-element infringement analysis. It does not identify *any* facts about how Fiserv allegedly infringes, what product or services allegedly infringes, or attach any photographs or diagrams from which Fiserv could attempt to understand the Rule 11 basis for Plaintiff's allegations. Nor does Plaintiff's Opposition address the arguments raised regarding induced or contributory infringement. As a result, Plaintiff's patent infringement claim against Fiserv should be dismissed in its entirety.

### 3. Plaintiff Does Not Plead a Viable Antitrust Claim Against Fiserv

Plaintiff's Opposition also fails to provide any basis to allow her antitrust claims to proceed. As Fiserv explained in its motion, Plaintiff's antitrust claims are untimely and are based on protected conduct under the *Noerr-Pennington* doctrine. The Complaint also fails to allege facts relevant to Fiserv that would support any antitrust claim against Fiserv or otherwise allege facts sufficient to plausibly support a claim. Nothing in Plaintiff's Opposition addresses these deficiencies.

For example, Plaintiff does not address the statute of limitations issue directly. She states once that she "discovered non-patent injuries to Plaintiff and Defendants' misconduct only within last 4 years [*sic*]." Dkt. No. 172 at 14. But when she learned about her injuries is irrelevant. A cause of action accrues when a defendant "commits an act that injures a plaintiff's business." *Zenith Radio Corp. v. Hazeltine Res., Inc.*, 401 U.S. 321, 338 (1971); *Joseph v. Amazon.com, Inc.*, 46 F. Supp. 3d 1095, 1101 (W.D. Wash. 2014). Here, Plaintiff's allegations demonstrate that this case was brought far more than four years after the conduct she cites to support her claim. *See* Dkt. No. 153 at 14-15.

Additionally, Plaintiff nowhere addresses the Fiserv's *Noerr-Pennington* argument—which is yet another reason her claims are barred as a matter of law. *See* Motion at 15-16. And finally, Fiserv pointed out how Plaintiff alleged no facts sufficient to support a claim against Fiserv. Plaintiff's Opposition does not address this point or even discuss Fiserv at all. As a result, Plaintiff's antitrust claims should be dismissed.

### 4. Plaintiff's RICO Claims Are Improper

Plaintiff's RICO claims likewise fail. They are untimely because despite Plaintiff's claims that she only learned of her injuries within the last four years, she should have known about them long before that given her familiarity with the parties, her history in the industry, and the fact that her support for her claims consists of public documents from far more than four years ago. Moreover, her RICO claims are similarly barred under the *Noerr-Pennington* doctrine—a point she does not address in her Opposition. And finally, Plaintiff fails to allege *facts* relating to Fiserv that would support a RICO claim. *See* Dkt. No. 153 at 19-21. Nothing

in Plaintiff's Opposition remedies or justifies that failure. As a result, Plaintiff's RICO claims should be dismissed with prejudice.

### 5. Plaintiff's Additional Claims Should Be Dismissed

Finally, none of Plaintiff's other claims—trade secret misappropriation, false labeling, obstruction of justice, etc.—are adequately pled against Fiserv. This was pointed out in Fiserv's motion to dismiss. Plaintiff offers no defense of those claims and appears not to contest that they are not adequately alleged against Fiserv. Indeed, Plaintiff's Opposition mentions Fiserv by name only once—in the introduction when identifying Fiserv's motion to dismiss.

The Court should accordingly dismiss all claims against Fiserv with prejudice.

DATED: May 25, 2018 **PERKINS COIE LLP**

By: */s/ Lane M. Polozola*
Ramsey M. Al-Salam, Bar No. 109506
RAlsalam@perkinscoie.com
Lane M. Polozola *(admitted pro hac vice)*
LPolozola@perkinscoie.com
Aaron J. Ver, Bar No. 295409
AVer@perkinscoie.com

***Attorneys for Defendant FISERV, INC.***

1 **CERTIFICATE OF SERVICE**

2    I hereby certify that on May 25, 2018, I electronically filed the foregoing document
3 with the Clerk of the Court using the CM/ECF system, which will send notification of such
4 filing to the plaintiff and all counsel of record for the parties.
5
6                                        */s/ Lane M. Polozola*
                                         Lane M. Polozola
7
8
...
28

FISERV INC.'S REPLY ISO
MOTION TO DISMISS                    -7-
CASE NO. 5:18-CV-1250-EJD