UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKSHMI ARUNACHALAM,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., et al.,<br><br>Defendant. | Case No.5:18-cv-01250-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING PLAINTIFF'S MOTIONS FOR STATEMENT OF DECISION; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION TO DISQUALIFY; DENYING WITHOUT PREJUDICE FULTON'S MOTION TO SEVER**<br><br>Re: Dkt. Nos. 32, 56, 69, 70, 101, 132, 149, 151-157, 161, 164, and 168 |

## I. INTRODUCTION

Plaintiff Dr. Lakshmi Arunachalam ("Plaintiff") brings this action alleging fourteen claims for relief generally relating to patent infringement, RICO violations, trade secret misappropriation, treason, and violations of federal and state antitrust laws. Defendants Apple Inc., Samsung Electronics America Inc., Facebook Inc., Alphabet Inc., Microsoft Corp., IBM Corp., SAP America Inc., JPMorgan Chase and Co., FISERV Inc., Wells Fargo, Citigroup, Fulton Financial Co., and the Eclipse Foundation (collectively "Defendants") move to dismiss Plaintiff's complaint. Additionally before the court are Plaintiff's motions for the court to give a statement of decision, motion for summary judgment, and motion to disqualify David Bloch and Winston & Strawn LLP as counsel for Wells Fargo and Fulton Financial, and Fulton Financial's motion to sever. The Court finds it appropriate to take the motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).

## II. BACKGROUND

On February 26, 2018, Plaintiff filed a 144-page complaint against 13 named defendants

and 1-100 unnamed Does entitled "Corrupt Antitrust Export/Import Infringement(s) Colored By Law And Authority To Protect Plaintiff's Public Right Against A Constitutional Tort." Plaintiff alleges that she is the inventor of the Internet of Things (IoT) and IoT devices whose current market exceeds multi-trillion dollars; that she is the founder of three start-up companies, Pi-Net Inc., WebXchange, Inc. and E-point, Inc.; that she is the assignee of eight patents; and that she lost her business due to Defendants' conduct. Compl. ¶ 2-3. Plaintiff alleges that without her inventions, Apple and Samsung devices would not be smart devices, and that just about every enterprise is infringing her patents. Compl. ¶¶ 13, 18.

The premise of Plaintiff's claims is that she has been denied access to justice by "the USPTO/PTAB, the Federal Circuit, three Federal District Courts, the United States Supreme Court, the Legislature, the Department of Justice and the International Trade Commission, because of their failure to enforce the *'Law of the Land'* respecting patent contract grants issued by the government." Compl. ¶ 20. Plaintiff alleges that she entered into a contract with the USPTO, and that the USPTO/PTAB breached that contract by failing to uphold patent prosecution history estoppel, by conducting re-examinations on Plaintiff's patents, and by failing to follow the Supreme Court's decision in *Fletcher v. Peck*, 10 U.S. 87 (1810). This suit resembles one of the other 89 actions initiated by the Plaintiff,[1] some of which have been filed against the judiciary, administrative agencies, judges and officials, including the undersigned judge, and other attorneys the Plaintiff has litigated against in reaction to final dispositions. Similarly, in this case Plaintiff alleges that Defendants engaged in treason by failing to report certain federal district judges for their alleged breach of their "solemn oaths of office." Compl. ¶ 112-14.

**III. STANDARDS**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of claims alleged in the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732

---

[1] PACER search returns 71 civil cases and 18 appellate cases for a total of 89 cases initiated by the Plaintiff.

(9th Cir. 2001). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

*Pro se* pleadings must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In construing *pro se* pleadings liberally, the plaintiff is not entitled to every conceivable doubt; rather the court is obliged to draw only reasonable factual inferences in the plaintiff's favor. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Additionally, a *pro se* plaintiff is entitled to a liberal amendment policy. *Eldridge v. Block*, 832 F.2d 1132, 1135–37 (9th Cir. 1987).

**IV. DISCUSSION**

**A. The Complaint Fails to Satisfy Rule 8.**

As an initial matter, Plaintiff's complaint is subject to dismissal under Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id*.

Plaintiff's robust 144-page complaint is confusing, disorganized, and contains legal terminology without setting forth facts showing that she is entitled to relief. As such, dismissal is proper under Rule 8. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaints are subject to dismissal if they are "needlessly long," "highly repetitious, confusing, or consist of incomprehensible rambling").

//

//

**B. The Complaint Fails to State a Claim Under Rule 12(b)(6).**

Plaintiff's complaint is also subject to dismissal under Rule 12(b)(6) for failure to state a claim. Defendants' motions to dismiss explain in great length why Plaintiff fails to meet Rule 12(b)(6). Collectively, Defendants each argue that the Plaintiff's complaint does not allege enough factual content to state a plausible claim, and that Plaintiff is not entitled to relief as a matter of law. Although complaints filed by a *pro se* plaintiff are held to less stringent standards than formal pleadings drafted by lawyers, Plaintiff is not excused from alleging sufficient facts on which a recognized legal claim could be based. *Mylviya v. City of San Jose*, No. 05-cv-05427-RMW, 2006 WL 2529511, at *2 (N.D. Cal. Aug. 31, 2006).

*1. Plaintiff's Claims for Patent Infringement (Count I)*

To state a claim for patent infringement, the complaint must "contain factual allegations that the accused product practices every element of at least one exemplary claim." *Noviatz, Inc. v. inMarket Media, LLC*, No. 16-cv-06785-EJD, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017). The basic pleading standards articulated in *Twombly* and *Iqbal* apply to patent infringement claims. *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1114 (N.D. Cal. 2016).

Here, Plaintiff's complaint fails to allege direct infringement of the '340 Patent by the Defendants. The Complaint lacks any recital to support an allegation that a product or service offered by the Defendants practices every element of at least one claim of the '340 Patent. Rather, Plaintiff's complaint contains conclusory statements that Defendants have infringed the '340 Patent.

Because Plaintiff has failed to allege a claim for direct infringement, Plaintiff's indirect infringement claims also fail. Direct infringement is a prerequisite to establishing induced and contributory infringement. *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1421, 1426 (Fed. Cir. 2010). Moreover, Plaintiff has not pled the requisite knowledge requirement for indirect infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (contributory infringement and induced infringement require knowledge of the existence of the patent and knowledge of the underlying acts of infringement). For the reasons above, Plaintiff's patent

4

infringement claims (Count I) are dismissed with leave to amend.

### 2. *Plaintiff's Antitrust Claims (Count II and VIII-XIII)*

The Complaint generally references Section 1 and 2 of the Sherman Act. Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. Section 2 of the Sherman Act makes it unlawful for a firm to "monopolize." 15 U.S.C. § 2. To assert a claim under Section 1 or Section 2 of the Sherman Act, a plaintiff must first demonstrate that it has suffered an "antitrust injury" sufficient to provide standing. *GSI Tech v. United Memories, Inc.*, No. 5:13-cv-01081, 2014 WL 1572358, at *3 (N.D. Cal. Apr. 18, 2014). This injury must consist of "(1) unlawful conduct, (2) causing injury to plaintiff (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent." *Somers v. Apple, Inc.*, 729 F.3d 953, 963 (9th Cir. 2013).

Plaintiff alleges that competition by Defendants prevented her from monopolizing her inventions and that the Defendants conspired to kill her patents and in doing so, prevented and excluded competition of Plaintiff's company. Compl. ¶ 57. Plaintiff claims "[b]ut for the injury inflicted upon Plaintiff by each Defendant through anti-competitive conduct and antitrust violations, Plaintiff should have been the largest technology company in the world." Compl. ¶ 200. These speculative and conclusory allegations are insufficient to establish a violation of the Sherman Act.

Plaintiff alleges that "Defendants entered into a conspiracy and price fixing amongst IBM, SAP, Apple, Samsung, Microsoft, and JPMorgan, aiding and abetting them to steal Plaintiff's patented technology and source code and distribute it without paying Plaintiff a license fee for use of her patented technology." Compl. ¶ 251. The Defendants' failure to pay her a license fee, however, does not constitute an antitrust injury. In *Cascades Computer Innovation, LLC v. RPX Corp.*, 719 F. App'x 553, 555 (9th Cir. Dec. 11, 2017), the Ninth Circuit recently held that because defendants had been found not to infringe the *Cascades* patent, they "therefore did not need to pay … for a license" and the "failure to license the patent was not a cognizable antitrust injury." Similarly, Plaintiff in this case fails to allege a viable patent infringement claim.

5

Therefore, Plaintiff's claim that Defendants' failure to pay her license fees constitutes an antitrust injury is without merit. Plaintiff's antitrust claims (Count II and VIII-XIII) are dismissed with leave to amend.

### 3. Plaintiff's RICO Claims (Count III)

Plaintiff alleges Defendants violated the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 1962(b), (c) and (d). To state a claim under 18 U.S.C. § 1962(b), a plaintiff must allege "(1) the defendant's activity led to its control or acquisition over a RICO enterprise, and (2) an injury to plaintiff resulting from defendant's control or acquisition of a RICO enterprise." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003). To state a claim under § 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc). Further, in this circuit a RICO claim based on acts of fraud must comply with the pleading requirements laid out in Fed. R. Civ. P. 9(b), which require the plaintiff to plead enough facts to give defendants notice of their particular misconduct. *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1253 (N.D. Cal. 2014).

There is a four-year statute of limitations applicable to RICO violations. *Rotella v. Wood*, 528 U.S. 549, 553 (2000). The statute of limitations for civil RICO actions begins to run when a plaintiff knows or should know of the injury which is the basis for the action. *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 365 (9th Cir. 2005). Here, Plaintiff alleges acts occurring in the early 2000s to support her claim that Defendants conspired and agreed to engage in conduct in violation of RICO. Compl. ¶ 66-70. The only purported evidence of the conspiracy is the "Common Public License Agreement Version 0.5", which is dated August 29, 2002, and publicly available code from 2002. Compl. ¶¶ 38, 42, 45; Ex. 16. Plaintiff either knew of or should have known of this evidence as early as 2002. Thus, Plaintiff's RICO claims are time barred. For these reasons, Plaintiff's RICO claims (Count III) are dismissed without leave to amend.[2]

---

[2] Additionally, Plaintiff's RICO claims are identical to the RICO claims brought against IBM, SAP, and JPMorgan Chase in the District of Delaware. Judge Andrews dismissed Plaintiff's racketeering claims for failure "to allege any racketeering activity, either actual or contemplated by agreement" on March 21, 2017. *Arunachalam v. IBM*, 243 F. Supp. 3d 526 (D. Del. 2017). It appears that a final judgment has

6

*4. Plaintiff's Misappropriation of Trade Secrets Claims (Count IV)*

To state a claim for misappropriation of trade secrets under the California Uniform Trade Secrets Act, a plaintiff must allege two elements: (1) the existence of a trade secret, and (2) misappropriation of the trade secret. *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 950 (N.D. Cal. 2003) (citing Cal. Civ. Code § 3426.1(b)). Like Plaintiff's RICO claims, a claim for trade secret misappropriation under the California Uniform Trade Secret Act must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Cal. Civ. Code § 3426.6.

Plaintiff's trade secret claims are dismissed without leave to amend for two reasons. First, Plaintiff's claims are time barred by the three year statute of limitations under the California Uniform Trade Secrets Act. Plaintiff was or should have been aware of the alleged conduct by Defendants by at least 2002 when the Common Public License—that Plaintiff alleges included her code—was made freely available. Compl. ¶ 77. Second Plaintiff has not alleged that a trade secret existed or that she took steps to keep it secret. To the extent that a trade secret is identified in the Complaint, it is exactly the same as the intellectual property publicly disclosed in Plaintiff's patents. For example, Plaintiff states that her "trade secret was not a matter of common knowledge" because it was directed to "real-time online, two-way Web transactions from Web applications on a Web browser from multimedia IoT devices." Compl. ¶ 142. This description is identical to the language of claim 31 of the '340 Patent, which is directed to "[a] real-time online, two way transaction system, operating on the World Wide Web. It is well established that disclosure of a trade secret in a patent places the information comprising the secret into the public domain, and thus makes it ineligible for trade secret protection. *See Ultimax Cement Mfg. Corp. v. CTS Cement Mfg., Corp.,* 587 F.3d 1339, 1355 (Fed. Cir. 2009). As such Plaintiff's trade secret claims (Count IV) are dismissed without leave to amend.

*5. Plaintiffs False Designation of Origin Claim (Count V)*

To establish a claim for false designation of origin a plaintiff must prove "that the

---

still yet to be entered in the action. Once entered, Plaintiff's claims may be barred under the doctrines of res judicata and collateral estoppel.

7

defendant (1) used in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in question." *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015).

Here, Plaintiff fails to plead any factual instance where any Defendant falsely advertised to consumers that it was the creator of the source code allegedly taken from Plaintiff. See Compl. ¶ 163 ("IBM does not disclose where the underlying code comes from, namely the Plaintiff"). Additionally, Plaintiff fails to allege facts to show consumer confusion. To the extent Plaintiff relies on the alleged fraud of the Defendants, Plaintiffs allegations fail to meet Rule 9's particularity requirement. Therefore, Count V is dismissed with leave to amend.

### 6. *Plaintiff's Fraud Allegations Regarding Re-Exams/IPR/CBM Reviews (Count VI)*

Plaintiff alleges Defendants induced enforcement of fraudulently procured Re-Exams/IPR/CBM Reviews in violation of 18 U.S.C. § 1964(c). Compl. ¶ 247. However, 18 U.S.C. § 1964(c) sets forth relief for a person injured under the RICO statutes. As discussed previously, Plaintiff failed to allege a viable RICO claim. Thus, Count VI equally fails.

### 7. *Plaintiff's Treason and Obstruction of Justice Claims (Count VII and XIV)*

Plaintiff alleges that Defendants, judges and various public officials "breached their solemn oaths of office and willfully committed treason." Compl. ¶ 249. There is no private cause of action for treason. *See Hallal v. Murdel*, No. 1:16-cv-01432-DAD, 2016 WL 6494411, at *3 (E.D. Cal. Nov. 2, 2016) (holding plaintiff cannot bring treason claims under Title 18 because treason is a criminal offense that does not provide a private right of action). Additionally, there is no private cause of action for obstruction of justice under either federal or California state law. *Chapman v. Chronicle*, No. 4:07-cv-04775-SBA, 2009 WL 102821, at *4 (N.D. Cal. Jan. 14, 2009) ("[O]bstruction of justice is not a cognizable civil claim."). Thus, Plaintiff lacks standing to bring both her treason and obstruction of justice claims. Count VII and XIV are dismissed without leave to amend.

**C. Plaintiff's Motion to Disqualify is Denied.**

Plaintiff asks the Court to disqualify David Bloch ("Bloch") and the law firm Winston and Strawn LLP ("WS"), and any of its counsel, from acting on behalf of and representing Wells Fargo Bank and Fulton Financial Corporation. Additionally, Plaintiff asks the court to enter a restraining order against David Bloch for "obstructing justice and intimidating a perceived witness." Dkt. No. 164 at 3.

Plaintiff alleges that she entered into an attorney-client relationship with WS. *Id.* The premise of Plaintiff's claims revolves around two meetings, one in 2006/2007 and another ten years later in 2017. *Id.* Plaintiff contends she met with Mr. Bloch, now a partner at WS, about representing her and her companies in patent litigation in 2007. She also contends that in September 2017, plaintiff was invited by WS to attend meetings with several lawyers from WS to possibly represent Plaintiff at the ITC. Dkt. No. 164. at 4.

WS acknowledges that Plaintiff attended the two meetings, but contends that neither meeting created an attorney-client relationship between Plaintiff and WS. Dkt. No. 173 at 1. The first meeting, on the morning of Feb. 27, 2007, took place in a public place and was of short duration. Plaintiff indicated she was seeking contingency fee counsel for litigation concerning the "'178, '500, and '556 patents." Bloch Decl. at 1; Dkt. No. 173, Ex. A. Mr. Bloch explained WS does not generally handle cases on contingency and then took further steps to ensure Plaintiff understood WS could not represent her by sending her an email later that day. Dkt. No. 173, Ex. A. WS identifies the second meeting as a continuing education event entitled "Global Strategies for IP" sponsored by WS and the Berkeley Center for Law & Technology. WS maintains that Plaintiff was at the seminar and reception, but at no point did Plaintiff interact with anyone except on a social basis. Dkt. No. 173, at 2. Plaintiff's reply states only that "Mr. Bloch's statements are false." Dkt. No. 189, at 4.

WS's unrefuted accounts of the meetings clearly show that no attorney client relationship was ever formed between Plaintiff and WS. Furthermore, Mr. Bloch represents that he never received any confidential information from Plaintiff. Bloch Decl. at 1. Based on the foregoing, Plaintiff's motion to disqualify WS and Mr. Bloch is denied.

9

Last, Plaintiff requests that the court enter a restraining order against Mr. Bloch because he allegedly obstructed justice and intimidated a perceived witness. The allegations against Mr. Bloch are baseless. Plaintiff's request to disqualify counsel and enter a restraining order against David Bloch is denied.

### D. Fulton Financial's Motion to Sever is Denied.

On April 4, 2018, Fulton Financial filed a motion to sever for misjoinder, improper venue, and lack of personal jurisdiction. Fulton's motion to sever is denied without prejudice to renew the motion if Plaintiff files an amended complaint that satisfies the pleading requirements of the Federal Rules of Civil Procedure.

## V. CONCLUSION

Based on the foregoing, Defendants' Motions to Dismiss are GRANTED as follows:

Counts I, II, V, and VIII-XIII are dismissed with leave to amend.

Counts III, IV, VI, VII and XIV are dismissed without leave to amend.

Plaintiff's motions for the Court to "Give a Statement of Decision on Whether Contract Law Applies to Patents" are DENIED. Plaintiff's motion for summary judgment is DENIED. Plaintiff's motion to disqualify Winston and Strawn and David Bloch is DENIED. Fulton's motion to sever is DENIED without prejudice.

Plaintiff may file and serve an amended complaint in accordance with this Order that complies with Rule 8, Fed. R. Civ. P., and does not include new claims and parties, no later than November 6, 2018. Failure to file and serve an amended complaint in accordance with this Order will result in dismissal of the action with prejudice pursuant to Rules 8 and 41(b), Fed. R. Civ. P. Any defendant served with the amended complaint is not required to respond to the amended complaint unless directed to do so by the Court.

**IT IS SO ORDERED.**

Dated: October 16, 2018

EDWARD J. DAVILA
United States District Judge